## Blankenburg, Appellant, *v.* Black.

200      629
26 SC  69
200     629
32 SC  220

200    629
41SC⁵453

*Equity—Equity pleading—Multifariousness—Parties—Public office.*

In an equity suit to test the constitutionality of an act which in effect abolishes a public office, the joinder as plaintiffs of persons holding the offices intended to be abolished and taxpayers, does not render the bill multifarious.

In such a case the officers of a party convention and candidates nominated by it should not be joined as defendants, but if no affirmative relief is asked against them they are merely superfluous parties as to whom the bill may be dismissed.

A bill in equity, the object of which is first to declare unconstitutional two acts, the combined effect of which is to abolish a public office, and second, to prevent the parties defendant from acting under the supposed authority of the two acts, is single in purpose, and not multifarious.

The filing of a bill in equity relating to the legal existence of a public office, very close on the eve of an election for such office, is a practice not to be encouraged.

*Constitutional law—Local and special legislation—Act of April* 24, 1901, *P. L.* 95.

The Act of April 24, 1901, P. L. 95, providing that " there shall be elected

in each county coextensive in boundary with a city of the first class, three persons to serve as members of the board of revision of taxes," contravenes the prohibition in section 7 of article 3 of the constitution against the passage of any local or special law " regulating the affairs of counties, cities," etc. This description cannot apply either at the present time or in the proximate future to any county but Philadelphia, and for that reason the act is distinctly local and special. It cannot be sustained on the ground of classification for it is outside of all the principles on which classification is permissible.

*Constitutional law—Repeal of statutes—Local and special legislation— Act of April* 24, 1901, *P. L.* 94.

The Act of April 24, 1901, P. L. 94, repealing part of a section of the Act of March 14, 1865, P. L. 320, and its supplements relating to the appointment of the board of revision of taxes in the county of Philadelphia, is unconstitutional as special or local legislation. It is not a repealing act within the meaning of section 7 of the constitution, which permits the passage of laws repealing special or local acts, since it merely makes a change in the mode of filling an office whose name, powers and duties are left as they were before. This is not repealing an old local law, but making a new one.

Argued Oct. 16, 1901. Appeal, No. 301, Jan. T., 1901, by plaintiffs, from decree of C. P. No. 3, Philadelphia County, June T., 1901, No. 4322, on bill in equity in case of Rudolph Blankenburg et al. v. Hugh Black et al. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Bill in equity for an injunction.

This was a bill filed by appellants, Rudolph Blankenburg and Samuel Sartain, as citizens, voters, owners of real estate, and taxpayers, residing in the city and county of Philadelphia, and Rinaldo A. Lukens and Simon Gratz, the present incumbents in office of the board of revision of taxes, appointed by the court of common pleas of Philadelphia county on March 5, 1901, for three years from the first Monday in April, 1901, as provided by the acts of assembly, March 14, 1865, P. L. 320, and its supplements, the Act of March 27, 1865, P. L. 786, and the Act of February 2, 1867, P. L. 137, against Hugh Black, Jacob Wildemore, and Thomas J. Ryan, the city commissioners for the city and county of Philadelphia; and Wencel Hartman, sheriff of Philadelphia county; and Alexander Crow, president, and John J. Crout and Edward Nichols, secretaries of the

Philadelphia republican county convention; and Alexander Colville and John E. Hanifen, nominees of the republican party for the office of the board of revision of taxes for the county of Philadelphia.

The bill recited that upon April 24, 1901, the legislature of the state of Pennsylvania passed two acts with reference to the office of the board of revision of taxes in Philadelphia county, setting out at length the provisions of the said acts. The first of these acts (designated " No. 65 ") repeals the provisions of the acts above mentioned by authority of which the court of common pleas of Philadelphia county appoints the members of the board of revision of taxes for the county. The second (designated " No. 66 ") provides that " in each county co-extensive in boundary with a city of the first class three persons, to serve as members of the board of revision of taxes," shall be elected on the Tuesday next following the first Monday of November, 1901, for the period of three years from the first Monday in January succeeding their election; and that the existing members of said board, appointed as aforesaid, " shall continue in office " until the persons so elected have been duly qualified, " but no longer, and at that time said office shall become vacant."

The bill then alleged that in pursuance of the said legislation, the republican party of the county of Philadelphia, had at a county convention held on June 20, 1901, nominated for the said office Alexander Colville and John E. Hanifen, two of the above named defendants, and that Alexander Crow, as the presiding officer of the convention, and John J. Crout and Edward Nichols, secretaries thereof, had certified the said nominations to the city commissioners, and that further, the said city commissioners, the above named Hugh Black, Jacob Wildemore, and Thomas J. Ryan, intend, or are about to place the names of the said nominees with the name or names of other nominees upon the official list containing the names and party of all candidates whose nomination certificates or papers may be filed with the said commissioners, to be transmitted to the sheriff of the county, in order that the sheriff may give notice to the electors of the county of Philadelphia, and the said persons may be voted for and be elected to the office aforesaid. And also, that the said commissioners are about or intend to cause

to be printed official ballots to be used at the said election, upon which it will appear that the office of board of revision of taxes is to be filled at the said election, and that the names of the said candidates so as aforesaid upon their list are to be voted for as candidates for said office.

That the sheriff of the said county, the above named Wencel Hartman, intends or is about to make proclamation giving public notice of the said election and of the names of the said candidates.

The bill then averred that the said act of assembly providing for the said election is unconstitutional and void, as being local and special legislation, within the prohibition of the constitution, as diminishing the salary, and abridging the term of public officers after their appointment, and as conferring the provisions of previous legislation, without re-enacting and republishing so much of the law, or parts of law, so extended and conferred; and further, that if the officers above named in manner aforesaid attempt to carry out the provisions of the said illegal and void act, irreparable injury will be done to plaintiffs, in their capacity as citizens, owners of real estate, and taxpayers, and present incumbents of the said office respectively. It therefore prayed for a permanent injunction against the said defendants in their several official relations, with respect to the execution of the provisions of the said act, restraining them from doing the specific things alleged above, and from doing all other and all manner of acts and things in pursuance of the direction of the said illegal act or under color of authority therein contained.

The defendants demurred to the bill, filing the following grounds of demurrer:

1. Because the said bill is multifarious in that the said Rudolph Blankenburg and Samuel Sartain, who complain in one capacity, are joined as parties plaintiff with Rinaldo A. Lukens and Simon Gratz, who complain in an entirely different capacity.

2. Because the said Rinaldo A. Lukens and Simon Gratz, so far as appears in and by said bill, have no standing as parties plaintiff.

3. Because the said Alexander Crow, Jr., John J. Crout and Edward Nichols are improperly joined as parties defendant

therein, nothing remaining to be done by them and no relief being prayed as against them.

4. Because the said bill is multifarious in that the said Hugh Black, Jacob Wildemore and Thomas J. Ryan, who are sought to be restrained in their public capacity as commissioners for the county of Philadelphia from performing duties required of them by law, preparatory to the general election to be held on the Tuesday following the first Monday of November, 1901, are joined as parties defendant with the said Alexander Colville and John F. Hanifen, who have no duties to perform in relation thereto.

5. Because the prayer for relief that the said Alexander Colville and John E. Hanifen be restrained " from allowing or permitting the use of his or their name or names to be voted for at the said election " is a manifest absurdity, beyond the power of this court to grant, or to enforce if in fact granted.

6. Because the act of April 24 1901, printed in said bill as act No. 65 of the general assembly of this commonwealth for the year 1901, is a constitutional exercise of legislative power.

7. Because the act of April 24 1901, printed in said bill as act No. 66 of the general assembly of this commonwealth for the year 1901, is a constitutional exercise of legislative power.

8. Because said act No. 65 is not prohibited by the constitution of this commonwealth, because a local or special law regulating the affairs of the city of Philadelphia, or creating an office or prescribing the powers and duties thereof.

9. Because said act No. 65 is not prohibited by the constitution of this commonwealth, because a local or special law regulating the affairs of the county of Philadelphia, or creating an office or prescribing the powers and duties thereof.

10. Because said act No. 66 is not prohibited by the constitution of this commonwealth, because it is sought thereby to diminish the salary and to abridge the term of a public officer or officers after his or their election or appointment to office.

11. Because said act No. 66 is not prohibited by the constitution of this commonwealth because it is sought thereby to diminish the salary and to abridge the term of a public officer or officers after his or their election or appointment to office.

12. Because said act No. 65 is not prohibited by the constitution of this commonwealth, because thereby it is attempted to amend, confer and extend the provisions of previous legislation special to one part of the state, and make the same applicable to other parts of the state, without re-enacting and republishing so much of the laws or parts of laws so amended, extended or conferred.

13. Because said act No. 66 is not prohibited by the constitution of this commonwealth, because thereby it is attempted to amend, confer and extend the provisions of previous legislation special to one part of the state, and make the same applicable to other parts of the state, without re-enacting and republishing so much of the laws or parts of laws so amended, extended or conferred.

14. Because said act No. 65 is not prohibited by the constitution of this commonwealth, because offending against the spirit and letter thereof by reason of being a local or special law, and attempting to legislate for the city and county of Philadelphia alone under the guise and in the terms of a general law.

15. Because said Act No. 66 is not prohibited by the constitution of this commonwealth, because offending against the spirit and letter thereof by reason of being a local or special law, and attempting to legislate for the city and county of Philadelphia alone under the guise and in the terms of a general law.

16. Because neither of said acts offends against the spirit of the constitution, and even if either of them did it would not be unconstitutional by reason thereof.

17. Because it is inequitable to grant an injunction where, as here, a great and irreparable public wrong may be done thereby, in that the people may be deprived of their right to elect their own officers for the period of one year; whereas if an injunction is refused the right to the said offices can be tested after the election by due legal proceedings without any public wrong and injury being occasioned thereby.

18. Because an injunction should never be granted, the effect of which is to prevent duly qualified electors from exercising their right of suffrage regarding any office, the election to which

is provided for by law, but the right to the office after the elec tion should be left to be determined in due course of law.

19. Because if an injunction were granted to prevent due notice to the electors of the fact that persons to fill said offices are to be voted for at the ensuing election, great confusion and public injury would result and many electors might be deprived of their suffrages, whereas if the election be held after due notice, the right to the said offices can be tested in due course of law.

20. Because even if all the prayers of said bill were granted some of the electors might none the less vote for candidates to said offices, and thereby a small minority of the electors choose the successful candidates therefor, thereby causing great injury and wrong to the body of electors and great scandal in the administration of public justice.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing bill.

*James Gay Gordon* and *John G. Johnson*, for appellants.— The bill is not multifarious: 5 Brewster's Prac. 172; Salvidge v. Hyde, 5 Maddock, 138 ; Bishop v. Cowden, 5 Montg. 151; Bright v. McCullough, 1 Leg. Rec. 281; Quin v. Power, 18 W. N. C. 285.

The act No. 66 offends against the express prohibition of article 3, section 7 : Wheeler v. Philadelphia, 77 Pa. 348 ; De-Walt v. Bartley, 146 Pa. 545; Kilgore v. Magee, 85 Pa. 411; Com. v. Patton, 88 Pa. 260; Scowden's App., 96 Pa. 425; Morrison v. Bachert, 112 Pa. 325; McCarthy v. Com., 110 Pa. 246 ; Scranton's App., 113 Pa. 191; Scranton v. Whyte, 148 Pa. 425; Perkins v. Philadelphia, 156 Pa. 544; Philadelphia v. Westminster Cemetery Co., 162 Pa. 107; Safe Deposit Co. v. Fricke, 152 Pa. 339; Commonwealth v. Reynolds et al., 8 Pa. C. C. Rep. 573; 137 Pa. 389; In re Clark's Est., 195 Pa. 526; Seabolt v. Commissioners, of Northumberland County, 187 Pa. 322; Van Loon v. Eagle, 171 Pa. 163.

The act offends against article 3, section 13 of the constitution, which reads as follows : " No law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment:" Com. v. Gamble, 62

Pa. 349; Bowers v. Bowers, 26 Pa. 77; Sheboygan County v. Parker, 3 Wallace (U. S.), 93 Rupert v. Chester County, 13 Pa. C. C. Rep. 342; Russell v. Williamsport, 9 Pa. C. C. Rep. 129; Commonwealth v. Evans, 74 Pa. 139.

As to what are emoluments, see Apple v. Crawford County, 105 Pa. 300, Reid v. Smoulter, 128 Pa. 335, Lloyd, Appellant, v. Smith et al., 176 Pa. 220, Commonwealth v. McCombs, 56 Pa. 436, Commonwealth v. Weir, 165 Pa. 284, and Commonwealth v. Gamble, 62 Pa. 348.

The act offends against article 3, section 6 of the constitution, which reads as follows: "No law shall be revived, amended, or the provisions thereof extended, by a reference to its title only; but so much thereof as is revived, amended, or conferred shall be re-enacted and published at length: " Donohugh v. Roberts, 11 W. N. C. 186; Second National Bank of Titusville v. Caldwell, 39 Legal Int. 414; Stuart's Appeal, 163 Pa. 217; Purvis & Co. v. Ross, 12 Pa. C. C. Rep. 195; Barrett's Appeal, 116 Pa. 489; Wilson v. Downing, 4 Pa. Superior Ct. 493; Page v. Allen, 58 Pa. 355; Mott v. Pennsylvania R. R. Co., 30 Pa. 9; Mott v. Penna. R. R. Co., 30 Pa. 33; Pittsburg's App., 79 Pa. 324; Page v. Allen, 58 Pa. 338.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellee.—Act No. 65, is simply a repealing act, and is, therefore, clearly constitutional: Com. v. Moir, 199 Pa. 534.

An injunction should not be granted to prevent the sheriff and county commissioners from giving due notice of and printing the ballots for an office to be voted for at an election to be held for other offices in any event: Receiver of Taxes Election, 4 Pa. Dist. Rep. 71; Powel's Assigned Est., 163 Pa. 349.

The bill is multifarious, and part of the relief prayed is absurd.

Act No. 66 is not unconstitutional because offending against the spirit of the constitution: Com. v. Moir, 199 Pa. 534.

Act No. 66 is not unconstitutional because appointed officers will be ousted during the terms for which they were appointed: Com. v. Moir, 199 Pa. 534.

Act No. 66 is not unconstitutional because it revives, amends, extends or confers the provisions of previous legislation to

other parts of the state, without re-enacting and publishing the same at length: Knisely v. Cotterel, 196 Pa. 622; Wheeler v. Phila, 77 Pa. 338; Com. v. Moir, 199 Pa. 534; Ruan St., 132 Pa. 257; Chalfant v. Edwards, 173 Pa. 246; Com. v. Gilligan, 195 Pa. 504; Sugar Notch Borough, 192 Pa. 349; Com. v. Blackley, 198 Pa. 372; Seabolt v. Commissioners of Northumberland County, 187 Pa, 318; Wyoming St., 137 Pa. 503; Reading v. Savage, 124 Pa. 328; Scranton v. Whyte, 148 Pa. 419; Com. v. Blackley, 198 Pa. 372.

.Act No. 66 is not unconstitutional because a local or special act regulating the affairs of counties.

It may be laid down as a rule that the legislature, notwithstanding the provisions of article 3, section 7, of the constitution, may amend local or special acts, provided the effect thereof is not to bring about local or special results other than as already existing: Reading v. Savage, 124 Pa. 328; Scranton v. Whyte, 148 Pa. 119; Com. v. Moir, 199 Pa. 534; Seabolt v. Commissioners of Northumberland County, 187 Pa. 323.

OPINION BY MR. JUSTICE MITCHELL, October 21, 1901:

Two technical objections to the bill may be first noticed.

There are some superfluous parties. The two plaintiffs who are office holders have a special interest. While there is no vested title in an office not protected by the constitution, yet the holders have a special interest not to be deprived of it by unconstitutional means. They could, however, defend their possession after the election, and if the bill were filed by them alone it would be a sufficient answer to refer them to their remedy at law. But as the bill is brought in behalf of taxpayers, the addition of the office holders, though unnecessary, does no harm. The taxpayers' standing is beyond question, and the smallness of their interest affects not their right but the discretion of the court in the application of the remedy by injunction.

The officers of the Republican County Convention, and the candidates nominated by it are also improperly joined as defendants, but as no affirmative relief is asked against them, they are merely superfluous parties as to whom the bill may be dismissed.

Nor is the bill multifarious in respect to its object. Its purpose is single, to have two statutes declared unconstitutional,

and parties prevented from acting under their supposed au-
thority.

The bill was filed late and very close on the eve of election,
a practice not to be encouraged. If a single member of the
court had a doubt on the law, we should postpone the decision.
But the time, though short, is sufficient for so clear a case.

The Act of April 24, 1901, P. L. 95, known as act No. 66 of
the session, plainly contravenes the prohibition in section 7 of
article 3 of the constitution against the passage of any local
or special law " regulating the affairs of counties, cities," etc.
It provides that " there shall be elected in each county coex-
tensive in boundary with a city of the first class, three persons
to serve as members of the board of revision of taxes," etc.
This description cannot apply either at the present time or in
the proximate future to any county but Philadelphia, and for
that reason the act is distinctly local and special. It cannot be
sustained on the ground of classification, for it is outside of
all the principles on which classification is permissible. The
rule is stated in Lloyd v. Smith, 176 Pa. 213, that " a law
which does not exclude any one from a class, and applies to all
the members of the class equally, is general," and the converse
is also true that a law which does permanently exclude any one
from the class must be special. The fact that the law applies
to only one county now would not be a sufficient objection if
in the natural progress of events under existing laws, others
may grow into the class hereafter. But the way must be clear
for them to do so. No such way is left open by this statute.
It is not a law relating to cities of the first class, but to counties
coextensive with them and there is no other county than Phila-
delphia which is now so coextensive in boundary, nor is there
any law on the statute books by which any other county can
become so. If any city shall hereafter grow into the first class,
as Pittsburg is rapidly doing, its county will not come under
this. act without further legislation to enable it to do so, and
even then it will come in not by virtue of any generality in
this act, but by the provisions of such subsequent legislation.
So far as the operation of this act is concerned it not only ap-
plies to but one county now, but permanently excludes all
others. That is not classification but special and local legisla-
tion on a forbidden subject.

The other act of the same date, No. 65 of the session, P. L. 94, is also set out in the bill, and is so closely connected with No. 66 by its subject and provisions, that it is proper to consider it also.

It is an act repealing part of a section of the act of 1865, being so much as provides for the appointment of the board of revision of taxes in the county of Philadelphia, and also the supplementary act of 1865, and section 1 of the act of 1867.

This act is equally and even more frankly local than No. 66, for it applies only to the city of Philadelphia by name. It is argued, however, that it is valid under the part of section 7 which permits the passage of laws repealing special or local acts. The present act, however, is not a repeal of the act of 1865, but only of a part of it, and in such manner as to amount merely to an alteration of the local law. The object of the permission in the constitution to repeal local and special laws was to allow the legislature to do away with exceptions, and bring interests previously under special or local statutes into conformity with the general laws of the state. This act does nothing of that kind. It merely makes a change in the mode of filling an office whose name, powers and duties are left as they were before. This is not repealing an old local law but making a new one.

As this objection is fatal to both the acts in question, it is not necessary to discuss the other points raised in appellants' argument.

As already indicated, the bill was properly dismissed as to the defendants Crow, Crout, Nichols, Colville and Hanifen. As to the city commissioners and the sheriff, however, the decree is reversed, the bill reinstated and injunction directed to be awarded in accordance with this opinion.