## BOYER *v.* STATE.

### Opinion delivered December 1, 1919.

1. STATUTES—AMENDMENT—REFERENCE—TICK ERADICATION.—Act of 1917, page 195, section 1, amending Act of 1915, page 338, creating the Northwest Arkansas Tick Eradication District and providing that the original act "be amended, to as to include the following named counties," does not violate Constitution, article 5, section 23, which provides that no law shall be revised, amended, or extended by reference to its title only.

2. TICK ERADICATION — DIPPING — EFFICACY.—The efficacy of dipping cattle is not a proper subject of inquiry in a prosecution for the violation of the tick eradication law; and evidence that dipping was inefficacious and injurious to the animals is inadmissible.

3. SAME — SAME — PROOF OF COMPOSITION USED FOR DIPPING.—In a prosecution for failure to dip cattle, evidence that the mixture offered to defendant, did not conform to the formula prescribed by the State Board of Control is admissible.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*John N. Cook,* for appellant; *Mahaffey, Keeney & Dalby* (of Texas), of counsel.

1. The tick eradication law was not properly passed, in so far as by the amendment thereto it was made to

include Little River County. Act 39 is amendatory, pure and simple, and section 1 violates every provision of article 5, section 23, of the Constitution. It attempts to extend the provisions of sections 1 to 6 of Act 86 (1915) by reference to its title only. 49 Ark. 131; 52 *Id.* 290; Cooley Const. Lim. (6 Ed.), p. 181; L. R. A. 1917 B, p. 176; 102 Tex. 170; 132 Ark. 29, 612.

2. It was error to give the peremptory instruction to find defendant guilty. Kirby's Digest, § 2387; 49 Ark. 449.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The dipping prescribed was being done under the direct supervision of the Board of Control and it must be presumed that the fluid used was satisfactory for the purpose used. The mere fact that it might not be exactly like the formula prescribed by some person connected with the Experiment Station of the University and inserted in their bulletin was no defense to this suit.

2. There was no error in refusing to permit defendant to prove that dipping had injured and killed cattle. The law requiring the dipping is for the good of the community and the fact that in a few cases it was injurious to cattle was no defense, where the whole community is benefited by systematic dipping. *Ashcraft* v. *State,* 140 Ark. 505. Defendant has not shown that the rules of the Board of Control were so arbitrary that it was an impossibility to comply with them. *Ashcraft* v. *State, supra.*

SMITH, J. Appellant was convicted of violating the Tick Eradication Law by failing to dip his cattle, and has prosecuted this appeal to review that judgment.

The trial was had in Little River County, and it is first insisted that the Tick Eradication Law was not properly passed in so far as by the amendments thereto it was made to include Little River County.

The General Assembly, by act No. 86, Acts 1915, page 338, created the Northwest Arkansas Cattle Tick

Eradication District, and section 1 named the counties there embraced. Sections 1 and 6 of this act were amended by act No. 39 of the Acts of 1917, page 195. Section 1 of this amendatory act reads as follows: "Section 1. That section 1 of act 86 of the Acts of 1915 be amended so as to include the following named counties in the Northwest Arkansas Cattle Tick Eradication District, namely: * * * Little River. * * *"

(1) It is said this method of extending the provisions of the act of 1915 offends against section 23 of article 5 of Constitution, which provides that no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, but that so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.

A decision adverse to appellant's contention was rendered by this court in the case of *Hermitage Special School District* v. *Ingalls Special School District,* 133 Ark. 157, where a substantially identical objection was made to the act there upheld.

(2) The court excluded testimony to the effect that cattle dipped at the vat in question were killed and greatly damaged as the result of being dipped, and that dipping throughout the county had the same effect. No error was committed in this ruling, as the efficacy of dipping was not a proper subject of inquiry by the court, as that is a question which has been passed upon by a board specially appointed to pass upon it and one presumptively especially qualified to decide that question.

This is a police regulation, enacted for the general good. We held in the case of *Davis* v. *State,* 126 Ark. 260, that noncompliance with the requirement to dip could not be excused by a showing that particular cattle were not tick infested, as this was a police regulation with which all persons affected by it must comply. So, now, it must be held that the duty to dip and the wisdom and benefits of doing so are not subjects to be inquired into upon the trial of one charged with a violation of that duty.

(3) Appellant offered testimony, however, which was excluded by the court to the effect that the mixture in which he was ordered to dip his cattle did not conform to the formula prescribed by the State Board of Control for use in the tick eradication work; and in this respect we think error was committed.

The legislation on this subject confers on the Board of Control of the Agricultural Experiment Station the power and authority to promulgate the necessary rules and regulations to make the work of tick eradication successful, and pursuant to this authority the board has adopted a formula for use in dipping. It was essential that the board do so to make the regulation effective, and it is only because the board has done so that it is not permissible to excuse a failure to dip by a showing that injury—rather than benefit—would have resulted from doing so. Only the Board of Control has authority to promulgate rules and regulations, and it was manifestly not contemplated that each inspector appointed to enforce the act might order and require the use of any mixture which appeared to him to be efficacious.

The action of the court below is defended upon the ground that presumptively the mixture was a proper one to use—and there is such a presumption—but there was offered here a witness who would have testified that he knew the formula prescribed by the Board of Control and that the mixture which it was here proposed to use did not substantially comply therewith. This testimony was competent, and for the error in excluding it the judgment will be reversed and the cause remanded for a new trial.