WHITE RIVER LUMBER COMPANY v. WHITE RIVER DRAIN-
AGE DISTRICTS OF PHILLIPS AND DESHA COUNTIES.

Opinion delivered December 15, 1919.

1. STATUTES—EXTENSION OF LAW BY REFERENCE TO TITLE.—Article
5, section 23, Constitution of 1874, does not prohibit the repeal
of a statute or a part thereof by reference to title. Act 1913,
page 751, section 20, repealing Act 1911, page 200, section 7,
does not violate the Constitution, article 5, section 23.

2. STATUTES—REPEAL OF REPEALING LAW.—At common law the origi-
nal law was revived by the repeal of a repealing law.

3. LEVEES AND LEVEE DISTRICTS—ORGANIZATION OF DISTRICT TO CON-
STRUCT DRAINS AND LEVEES.—Acts 1913, page 745, section 5,
amending Acts 1909, page 852, section 32, expressly confers au-
thority for the organization of a drainage district, the main
object of which is the construction of levees.

4. STATUTES — AMENDMENT TO CHANGE PURPOSE — AMENDMENT OF
FORMER STATUTE.—Constitution, article 5, section 21, provides that
no bill shall be so altered or amended on its passage through
either house, as to change its original purpose, held to apply only
to amendments to a bill during its progress through the legisla-
tive houses, and not to an amendment of a former statute.

Appeal from Phillips Circuit Court; *J. M. Jackson,*
Judge; affirmed.

*Fink & Dinning* and *Buzbee, Pugh & Harrison,* for
appellants.

1. The circuit court was without jurisdiction to
make the order to establish a drainage district. The act
(No. 279, Acts 1909) gives exclusive jurisdiction to the
county courts. The amending act, No. 221, Acts 1911,
extending the act by reference to its title, etc., is void
under article 5, section 22, Constitution 1874. 132
Ark. 27.

2. The act of 1909 does not authorize the creation
of a district to construct levees as proposed by this dis-
trict. 114 Ark. 526; 106 *Id.* 517; 109 *Id.* 556; 91 *Id.* 5;
121 *Id.* 13; 93 *Id.* 490-5; 127 *Id.* 165.

3. The evidence is not sufficient to give the court
jurisdiction. 86 Ark. 346; 127 *Id.* 165. It fails to show
that as many as three of the petitioners were owners of

real property in the district, and this is fatal to the jurisdiction.

*Moore & Vineyard* and *J. G. Burke,* for appellees.

1.   The circuit court has jurisdiction to make the order.   Phillips County was properly placed back within the terms of the drainage laws by section 20 of act 277 of 1913, which repealed section 7 of act No. 221 of 1911. The Constitution does not apply to *repeals* of an act by reference to its title.   47 Ark. 476.   *Rider* v. *State,* 132 Ark. 27, is not in point, as there are many distinctions.

2.   Act 279 and amendments thereto authorized the creation of this drainage district.   64 Ark. 467; 47 *Id.* 476; 61 *Id.* 622-5.   Repeals by implication are not within the meaning of our constitutional provisions.   69 Ark. 548; 131 *Id.* 291-297; 114 *Id.* 526-530; 213 S. W. 1; 178 *Id.* 893.

3.   The petition for a drainage district was in accordance with the statute.   The petition was signed by *five* or more real estate owners in the district, and appellants did not raise the question of jurisdiction below and can not now for the first time, as they are precluded.   89 Ark. 610; 119 *Id.* 20; 132 *Id.* 328; 213 S. W. 7.

McCULLOCH, C. J.   This cause originated in the circuit court of Phillips County to create a drainage district embracing 170,000 acres of land in Phillips and Desha counties, according to plans which provided also for the construction of certain levees in connection with the drainage plans.   The petition for formation of the district was signed by numerous owners of land in the proposed district, and appellants, also owners of land in the district, appeared in court and were made parties for the purpose of opposing the formation of the district.   The matter was heard by the court on the petition and the remonstrance of appellants, on the plans and estimates of the engineer, and on oral testimony.   The plans provide for the construction of drains and levees at the estimated cost of $2,056,285, the greater portion of which is the cost of constructing the levees. The testimony shows, however,

that the whole is a related project essential to the proper reclamation of the lands in the proposed district.

The circuit court granted the prayer of the petition for the formation of the district.

The contention of appellants is (1) that the circuit court of Phillips County has no jurisdiction under the statutes of the State to grant such a petition; and (2) that there is no authority to organize a district, the main purpose of which is to construct levees.

The laws authorizing the formation of such districts are found in act No. 279 of the legislative session of 1909, as amended by act No. 221 of the session of the year 1911, and by act No. 177 of session of 1913.

The act of 1909, *supra,* is general in its application, and confers exclusive jurisdiction in the county court, with a further provision that after a district embracing lands in more than one county has been created by a county court, the subsequent proceedings shall be in the circuit court of one of the counties.

The act of 1911 provides that when a district is to be formed embracing lands in more than one county, the original proceedings for such formation shall be in the circuit court of one of the counties. Section 7 of the act of 1911 reads as follows:

"That this act does not apply to Phillips and Crittenden counties, and this act being for the immediate preservation of public peace, health and safety, shall take effect and be in force from and after its passage."

The act of 1913 amended, in certain respects not material to this controversy, both the acts of 1909 and 1911, and section 20 of that act contained an express repeal of section 7 of the act of 1911. Said section 20 reads as follows:

"That section 7 of the act of April 28, 1911, entitled 'An act to provide for the creation of drainage districts in this State, approved May 27, 1909, and to cure defects in the organization of districts thereunder' be repealed, and said act shall apply also to Crittenden and Phillips counties."

Section 32 of the act of 1909 reads as follows:

"The word 'ditch' as used in this act shall be held to include branch or lateral ditches, tile drains, levees, sluiceways, floodgates, and any other construction work found necessary for the reclamation of wet and overflowed land."

That section was amended by the act of 1913 so as to read as follows:

"The word 'ditch' as used in this act shall be held to include branch or lateral ditches, tile drains, levees, sluiceways, floodgates, and any other construction work found necessary for the reclamation of wet and overflowed land. And this act shall apply to the organization of districts the main object of which is the construction of levees."

Learned counsel contend that section 20 of the act of 1913 repealing section 7 of the act of 1911 was an attempt to extend a law by reference to title only, in contravention of article 5, section 22, of the Constitution, which provides as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

It is argued that, although the express provision of the last statute is to repeal a section of the prior statute which exempted the counties named, its necessary effect is to extend operation of the prior statute to those counties by repealing the exemption, and that it amounts to the extension of a law by mere reference to the title. This argument is unsound. The thing prohibited by the Constitution is the extension of a law by reference to title only, and this was not an attempt to do that. The Constitution does not prohibit the repeal of a statute or part thereof by reference to title only. *Vance* v. *Austell*, 45 Ark. 400.

The act of 1911 expressly exempted Phillips and Crittenden counties from its operation and, this exemp-

tion being found in a separate section, it left the original act of 1909 in full and unamended force as to those counties. *Rennau* v. *State,* 72 Ark. 445.

The extension of the act of 1911, so as to operate in Phillips and Crittenden counties resulted under the act of 1913, not from extension by mere reference to the title of the act of 1911, but from the express repeal of the exemption, which had the effect of making the statute altogether general in its application. This is not forbidden. Under the common-law rule the repeal of a repealing law revived the original law repealed, and our statute on that subject (Kirby's Digest, section 7796) does not affect the subject in this case, for section 20 of the act of 1913 expressly provided that the act of 1911 shall apply to the counties originally exempted. *Faucette* v. *Patterson,* 140 Ark. 628.

The case of *Rider* v. *State,* 132 Ark. 27, relied on by counsel for appellants, is not applicable.

The act of 1913, amending section 32 of the act of 1909, expressly confers authority "for the organization of districts, the main object of which is the construction of levees." This language is too plain to leave any doubt as to its meaning. The original act of 1909 did not confer such authority, but the manifest purpose of the amendment was to confer that authority.

The amendment does not, as contended by counsel, offend against the provision of the Constitution (article 5, section 20), that "no bill shall be so altered or amended on its passage through either house, as to change its original purpose." That provision of the Constitution applies only to amendments to a bill during its progress through the houses of the Legislature, and does not apply to the amendment of a former statute.

The judgment of the circuit court is sustained by the testimony. Affirmed.