## ABNEY v. WARREN.

### Opinion delivered May 3, 1920.

STATUTES—AMENDMENT—EXEMPTION FROM AMENDMENT.—Acts 1915, page 676, provided for the creation of livestock districts based upon an election in three or more townships. A livestock district was created in Columbia County under that act in 1918. An act of 1919 (page (187) amended sections 6, 11 and 12 of the act of 1915. Section 3 of the latter act is as follows:

"Sec. 3. Provided, that this act shall not appply to the following counties" (naming, among others, Columbia County).

*Held* that Columbia County is exempted from application of the act of 1919, but not from the act of 1915.

Appeal from Columbia Chancery Court; *John T. Sifford,* Special Chancellor; affirmed.

*Stevens & Stevens,* for appellants.

1. The demurrer admits all the allegations of the complaint. 90 Ark. 158; 102 *Id.* 380; 94 *Id.* 453, 504. The complaint was good. 33 Ark. 633; 32 *Id.* 478; 67 *Id.* 413; 30 *Id.* 102.

2. Act 156, Acts 1915, was amended by act 258, Acts of 1919, and is one act as amended and not two acts, and the new act takes the place of the old act. 1 Lewis-Southerland on Stat., Const., § 337, p. 444; Sedgwick on Stat. & Const. Law, p. 68, and note, p. 110; Black on Int. of Law, § 165. The amendment of 1919 should be construed as if enacted in the act of 1915. Black on Int. Law, p. 581; 73 Ark. 600; 55 *Id.* 389; 91 *Id.* 243; 117 *Id.* 606; 89 *Id.* 602; 12 Cur. Law, 1941; Black on Int. of Law, § 153; 91 S. W. 293; 9 Oh. St. 627; Const., art 5, § 20.

Courts will not construe acts unconstitutional unless clearly so. 66 Ark. 466; 69 *Id.* 376; 116 *Id.* 538; 89 *Id.* 378.

*McKay & Smith,* for appellees.

If the act, No. 258, Acts 1919, was intended to amend the act of 1915, and only one act as contended by appellants, then it fails to comply with the constitutional requirements and is void. Const., art. 5, § 22; 200 S. W. 275; 179 *Id.* 181; 202 *Id.* 26; 109 Ark. 556; 36 Cyc. 971, 1084, 1052.

Unless the whole subject is taken up anew by this act, there is no repeal of act 156, as it affects Columbia County. Act 258 contains no repealing clause and is not conflicting with the provisions of act 156. Repeals by implication are not favored, and if not irreconcilable both should stand. 133 Ark. 184;.76 *Id.* 445; 101 *Id.* 239; 112 *Id.* 437; 108 *Id.* 219. There is no conflict in the two acts and both should stand. 40 Ark. 431; 109 *Id.* 556; 25 Cyc. 1142; 210 S. W. 925; 6 Ark. 13; *School Dist.* v. *Pine Bluff,* 142 Ark. 279. It was not the intention of the Legislature to repeal act 156. The demurrer was properly sustained and the chancellor's decision is correct.

McCulloch, C. J. The General Assembly of 1915 enacted a statute (Acts of 1915, page 676) providing for the creation of live stock districts upon an election ordered by the county court on petition of the electors of three or more townships. The validity of this statute was upheld by the decision of this court in the case of *Harrington* v. *White,* 131 Ark. 291. The statute as originally enacted contained eleven sections, the last section being the one declaring an emergency and exempting certain counties from the operation of the statute.

Pursuant to the terms of this statute, a certain district was created by the vote at an election held in November, 1918, covering the territory of more than three townships in Columbia County, and the law was thus put into operation in that district.

The Legislature at the regular session of 1919 (General Acts 1919, page 187) passed another statute amending the aforesaid statute of 1915, and it is contended that that statute exempted Columbia County from the operation of the original statute and abolished the district formed as aforesaid. The statute of 1915 contained no exemption as to Columbia County.

The amendatory statute of 1919, *supra,* contained four sections, and three of those sections in express terms amended certain sections,. viz., sections 6, 11 and 12, of the original act of 1915.

Section 1 of the new statute reads that, ''Section 6 of said act be amended so as to read as follows,'' and then continues by setting forth in full section 6 as amended. That section has reference to the appraisal of damages for depredations by stock allowed to run at large.

Section 2 of the new statute provides that, ''Section 11 of said act be amended to read as follows,'' and then proceeds to set forth the section, which contains a provision that if a petition for an election has been filed with the county court for the purpose of creating a stock district, a majority of the electors in any of the townships mentioned shall have the right to petition the county court to strike that particular township from the order restraining the stock from running at large.

Section 3 of the new statute reads as follows:

''Section 3.  Provided, that this act shall not apply to the following counties: Chicot, Crawford, Miller, Lee, Conway, Little River, Benton, Craighead, Lafayette, Poinsett, Columbia and Phillips counties.''

Section 4 of the new statute reads as follows:

''Section 4.  That section 11 be amended so as to be numbered No. 12 and to read as follows:

''That all laws and parts of laws which are now in force shall be cumulative with this act, except where such existing laws are in direct conflict herewith, and this act being necessary for the immediate preservation of the public peace, health and safety shall be in force from and after its passage; provided, that this act shall not apply to Hot Spring, Montgomery, Sebastian, Sharp, Nevada, Izard, Van Buren, Calhoun, Marion, Howard, Lonoke, Cross, Cleveland, Monroe, Arkansas, St. Francis, Crittenden, Clark, Drew, Desha, Bradley, Union and Faulkner counties.''

The argument of learned counsel for appellants is based on the theory that section 3 of the new statute became incorporated as an amendment to the old statute and took its place therein, as if it were there when the original statute was enacted and exempted the counties therein named from the operation of the original statute.

We have declared the rule in several cases, that the amendatory provision of a new statute becomes "a part of the act, and in its relation to the other sections of the act stood with reference to future transactions as though the act had originally been enacted in the amended form." *Mondschein* v. *State*, 55 Ark. 389; *Rennau* v. *State*, 72 Ark. 445. The difficulty, however, in applying that rule to the present case is that section 3 of the new statute does not amend the old statute, but it merely constitutes the exemption of the counties therein named from the operation of the new statute. It is true that the title of the act shows that it was to amend the original statute, but in the body of the statute itself every section to be amended is set forth at large "so as to read as follows."

Section 4 of the new statute purports, in express words, to amend the original statute and it contains an exemption of certain counties, which would seem to bring the statute, so far as those counties are concerned, within the operation of the rule of construction announced in the above case. There is a peculiarity, however, about that part of the statute, in that it constitutes a second attempt to amend section 11; but we need not go into further discussion on that subject, as there is no controversy before us concerning the effect of the new statute as to the counties mentioned in that section. Columbia County is, however, mentioned in section 3 which, as before stated, does not purport to be an amendment of the original statute. This distinction is clearly pointed out in the recent case of *White River Lumber Co.* v. *White River Drainage Dist. of Phillips County*, 141 Ark. 196. In that case, in speaking of the effect of similar legislation, we said that "this exemption being found in a separate section, it left the original act of 1909 in full and unamended force as to those counties."

Section 3, it is true, starts with the word "provided" and it is argued that this connects that section with the preceding one so intimately as to make it a part of the preceding section and thereby incorporates it in the terms

of the original statute as amended. We do not, however, think that the use of that word is sufficiently potent to alter the rule of construction thus stated with reference to the exemptions contained in a separate section. The use of that word merely shows that it is a proviso which was intended as an exemption from the new statute, and not from the original statute. Our conclusion is that, under the proper interpretation of the statute, Columbia County is not exempted from the operation of the act of 1915, and that that statute remains in complete and unamended force in that county. The chancery court was correct in so deciding and the decree is therefore affirmed.