GREGORY *v.* COCKRELL.

Opinion delivered June 10, 1929.

*J. G. Williamson, Lamar Williamson* and *Adrian Williamson,* for appellant.

*Pace & Davis* and *Patrick Henry,* for appellee.

HART, C. J. This appeal is by landowners adversely affected by a decree of the chancery court holding valid a special act of the Legislature of 1929, repealing in part a special stock law by excluding from its provisions all that part of Ashley County east of Bayou Bartholomew. The Legislature of 1921 passed a special act to provide for a stock law and to regulate the opera-

tions of same in Chicot County and all that part of Ashley County lying east of Bayou Bartholomew. Special Acts of Arkansas, 1921, p. 209.

At the general election held on October 5, 1926, there was voted on and adopted an amendment to the Constitution which reads as follows: ''The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.'' Castle's Supplement to Crawford & Moses' Digest of the Statutes of Arkansas, p. 22.

Pursuant to the provisions of this amendment to the Constitution, the Legislature of 1929 passed an act repealing the above-mentioned special act, in so far as it is applicable to that part of Ashley County lying east of Bayou Bartholomew. The repealing section of the act contains a proviso that it should not be construed so as to repeal or amend any part of the original act as is applicable to any part of Chicot County. The act was approved February 21, 1929, and is special act 42 of the Acts of 1929.

At the outset it may be stated that the legislative power is the authority to make laws and to alter and repeal them, and there is no limitation upon the right of the Legislature to repeal or modify at its pleasure a law passed by it, except as limited or restricted by the Constitution of the State or the Constitution of the United States. Hence it is sought to uphold the decree, upon the rule that, under our Constitution, there is no such thing as an irrepealable legislative act, and that the constitutional amendment having failed to prohibit the Legislature from repealing and amending local or special laws, it still has that power. We need not pass upon that important question, for the amendment under consideration expressly provides that the amendment shall not prohibit the repeal of local or special acts. In this connection it may be stated that there is a difference between the repeal of a statute and an amendment to it. This difference is clearly and comprehensively stated by the Supreme Court of Alabama in *State* v.

*Hubbard,* 148 Ala. 391, 41 So. 903. Mr. Justice Tyson, in discussing the subject, said:

"A repeal is one thing, and an amendment is quite another and different thing. A repeal of a statute involves necessarily a change in the law; this is true, whether it be the only statutory enactment on the subject dealt with in the repealed act. Would any one contend that a statute in derogation of the common law was an amendment of it, simply because it altered or changed it? We think not. If not, it cannot be asserted with any show of logic that, because an independent act, full and complete within itself, repeals by implication any portion of a statutory system, it is amendatory of the remaining statutes of that system, to which no reference is made. It is undoubtedly true that such an act alters or changes the system; but this change or alteration is and must be ascribed to the repeal wrought by the independent act, and not to the change or alteration consequent upon the repeal. So also an amendment involves some change or alteration in the existing statute law, and may also operate as a repeal of some of its provisions; but such change or alteration made by the amendment is direct and not consequential, as is the case of a repeal, and therefore the difference between the two is plain. There is also another marked difference. An amendment may not, and often does not, operate as a repeal, but merely as an addition to the statute of which it is amendatory. This can never be the effect or operation of a repealing statute, whether the repeal be by implication or be direct. A repeal is properly defined to be the abrogation or destruction of a law by a legislative act. Amendment in legislation is 'an alteration or change of something proposed in the bill or established as law.' Bouv. Dictionary."

The repealing act under consideration is an independent act of legislation, and does not in any way affect the provisions of the original act, except by abrogating it as to that part of the territory in the original act

which lies in Ashley County east of Bayou Bartholomew. The primary meaning of the word "repeal," as used in speaking of the repeal of a statute, is, as its etymology imports, that the statute has been recalled or revoked. "To repeal" signifies the abrogation of one statute or some of its particular provisions by another. *Jessee* v. *DeShong* (Texas Civ. Appeals), 105 S. W. 1011. The case of *Butte & B. Consol. Min. Co.* v. *Montana Ore Purchasing Co.*, 24 Mont. 125, 60 Pac. 1039, is cited, which supports the holding. Hence a majority of the court is of the opinion that the power to repeal given by the amendment carries with it the power to repeal the original act in part by taking away from its terms that part of the territory embraced in the original act in Ashley County lying east of Bayou Bartholomew, and leaves unaffected by the repeal the whole of Chicot County as contained in the original act.

Counsel for the appellants cite and rely upon the case of *Bankenberg* v. *Black,* 200 Pa. 629, 50 Atl. 198. In that case the Supreme Court of Pennsylvania held that the special act under consideration, providing "that there shall be elected in each county, coextensive in boundary with a city of the first class, three persons to serve as members of the board of revision of taxes," etc., contravened the prohibition in the Constitution against the passage of any local or special law regulating the affairs of counties, cities, etc. The reason was the description could not apply either at the present time or in the proximate future to any county but Philadelphia. The court said for that reason the act was distinctly local and special. The court further said that the act was not a repeal of a prior act but only of a part of the prior act, and in such a manner as to amount merely to an alteration of the local law. In winding up the discussion the court expressly stated that the act of the Legislature was not repealing an old local law but was making a new one. It will be noted, however, that the court expressly recognized the principle that the right to repeal an act includes the power to repeal only a part of it.

Here no change was made in the provisions of the original act, and it remains in force in Chicot County precisely in the same form and under the same terms it did when the act was originally passed. The repealing act took away that part of the territory embraced in the original act which lies in Ashley County east of Bayou Bartholomew and left the whole of Chicot County in the act unimpaired and unaffected by the repealing act. Hence the repealing act was an independent act of legislation, and in no wise whatever altered, changed or modified the terms of the original act, so far as they applied to Chicot County, which was the territory left subject to the terms of the original act.

Again, it is insisted that the decree should be reversed under the principle announced in *State ex rel. Childs* v. *Copeland,* 66 Minn. 315, 69 N. W. 27, 34 L. R. A. 777, 61 Am. St. Rep. 410. In that case the Supreme Court of Minnesota held that a special law relating to cities could not be partially repealed by a special law, and that the same result could not be accomplished by a local option law, which has merely the same effect. In that case the constitutional amendment under consideration contained the following: "The Legislature may repeal any existing special or local law, but shall not amend, extend or modify any of the same." We need not consider whether that opinion is sound or unsound, for it was dealing with a provision in a constitutional amendment which is materially different from our own. As we have already seen, there may be a difference between the repeal in whole or in part of a special or local law and an amendment thereto which alters or changes its terms.

It is also insisted that the judgment must be reversed because the repealing act under consideration violates § 23 of article 5 of our Constitution, which provides that no law shall be revived, amended, or provisions thereof extended or conferred by reference to its title only. We do not think the act in question violates

that section of the Constitution. The act is complete, and its meaning plain and unambiguous. It does not attempt to change, alter, or in any wise modify the original act. It was an independent act of the Legislature, and simply repealed in part a former act of the Legislature by taking away from its provisions a part of the territory embraced in it. This being true, the repeal effected by the act in no sense amended the original act; and the repealing act does not fall within the terms of the section of the Constitution just referred to. *White River Lumber Co.* v. *White River Drainage Districts of Phillips and Desha Counties,* 141 Ark. 196, 216 S. W. 1043; *Boyer* v. *State,* 141 Ark. 84, 216 S. W. 17; *Poe* v. *Street Improvement District No. 340,* 159 Ark. 569, 252 S. W. 616; *Farris* v. *Wright,* 158 Ark. 519, 250 S. W. 889.

We find no reversible error in the record, and the decree will therefore be affirmed.

SMITH and MEHAFFY, JJ., dissent.

BUTLER, J., not participating.

### DISSENTING OPINION.

SMITH, J. The act held constitutional in the majority opinion is a local or special act, and the question is whether the General Assembly has been deprived of the power to enact such legislation.

The constitutional amendment here reviewed consists of two complete sentences. The first is that: ''The General Assembly shall not pass any local or special act.'' If this were all, it would not be contended that the General Assembly could pass the act. But, after saying, in language which is too emphatic and unambiguous to admit of doubt, that the number of local or special acts shall not be augmented by the passage of others, the inhibition against local or special legislation was relaxed to the extent of permitting the repeal of any existing local or special act.

The General Assembly was deprived by the Constitutional Amendment of all power on the subject except to repeal existing special or local acts. Obviously a purpose of

the amendment was to promote uniformity in legislation, and this purpose was to be subserved (a) by prohibiting the passage of additional local and special legislation, and (b) by repealing laws which had caused diversity.

The original local fence law has not been repealed. It is still the law. It has only been amended to make it more local or special law than it was before, by making it apply to a smaller territory. The character of the amended act as a local or special law is more pronounced now than it was before it was amended, because it applies to a smaller portion of the State.

At § 229, page 427, Lewis' Sutherland Statutory Construction (2 ed.) it is said: "Existing general laws required to have a uniform operation cannot be amended so as to interrupt their uniform operation. Though special acts may be repealed, parts of a special or local law may not be repealed where the effect is to intensify the special character of the act."

If we are not mistaken in assuming that a purpose of the amendment was to promote uniformity and to lessen diversity in legislation, the act under review should fall as an intensification of the special character of the act which it amended.

The writer and Mr. Justice MEHAFFY therefore dissent from the conclusion of the majority that the act of 1929 is constitutional and valid.