## SHERWOOD v. AMERICAN SUGAR REFINING CO.

(District Court, E. D. New York. December 15, 1922.)

Shipping ⟨⊸⟩58(2)—Lighterage hire contract at rate per "working day" construed to mean 8-hour day.

Evidence *held* to show that a contract for hire of a derrick lighter at the rate of $35 per "working day" intended and meant to fix compensation on the basis of an 8-hour working day, and not a day of 24 hours.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Working days.]

In Admiralty. Libel by E. C. Sherwood against the American Sugar Refining Company. Decree for libelant.

Macklin, Brown & Van Eyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for libelant.

Haight, Smith, Griffin & Deming, of New York City, for respondent.

GARVIN, District Judge. Libelant has brought an action in admiralty to recover a balance due for hire of a derrick lighter. The contract upon which the suit is brought provides that the rate is to be "per working day $35." Libelant's construction of this is that $35 is to be paid for each day upon which the usual number of hours' work per day is performed—in this case, one shift of 8 hours. Respondent's construction is that a "working day" consists of 24 hours. The time in excess of 8 hours per day during which the lighter was used is involved.

Negotiations were begun by telephone, following which came a letter, written April 16, 1920, a part of which reads:

"Referring to telephone conversation of to-day, we will rent our derrick boat now at Baltimore to you for $35 per day of straight time, including Sundays, holidays, bad weather, etc., and the minimum rental to be for 6 months' time."

After another telephone conversation a second letter was written, on April 17, 1920, a portion of which is as follows:

"Referring to telephone conversation of this morning with Mr. Hamilton, we beg to confirm rental to you of our derrick boat and locomotive crane, now located at Baltimore, as per our letter of April 16th, with the exception that we waive the requirement for a 10-hour day on the derrick boat, as you have given us to understand that you expect to work only one shift of 8 hours, and we further agree to accept delivery of the derrick boat and crane at their present location or equal when you are through with them. To make our understanding absolutely clear in regard to time, the boat is rented to you on the basis of calendar days."

A so-called purchase order was then sent in behalf of the respondent, in which the rate of hire for the derrick was specified thus:

"Per working day $35. If used on Sunday, same rate to apply."

The rate of hire for the crane was set forth as follows:

"For 6-day week, rate of $20 per day. No rental to be paid for Sunday, unless crane is used."

287 F.—46

The use of the expression "working day," instead of "day," indicates that the parties gave some meaning to that expression. "Day" would ordinarily mean 24 hours.

Testimony was produced which justifies a finding that the term "working day" means the number of hours during which work is carried on in any particular line of business. When the question of the provision in a bill of lading for discharge in so many working days was presented, it was held by Judge Hough that a working day meant a day of 8 hours. Tweedie Trading Co. v. Pitch Pine Lumber Company (D. C.) 156 Fed. 88. Respondent submits authority that the term "working days" excludes Sundays and holidays, but does not claim that any of the cases cited construed the term in question from the standpoint of how many hours make up such a day.

The foregoing correspondence seems to establish that the parties intended to mean a day of a definite number of hours, which they fixed as 8, and that such would be the charge for each day in which the derrick was in use, including Sundays and holidays.

There will accordingly be a decree for libelant, with the usual reference to compute the amount due.