RAINES *v.* BOLICK.

RAINES *v.* MEYER.

Opinion delivered July 13, 1931.

*Wallace Townsend*, for appellant.

*Carmichael & Hendricks, A. L. Rotenberry, H. M. Jacoway* and *Lee Miles,* for appellee.

SMITH, J. It was stipulated by the parties to this litigation in the trial of the causes in the court below as follows: Mabelvale Road Improvement District No. 29 of Pulaski County, Arkansas, was organized under the provisions of act 126 of the Acts of 1923 (General Acts 1923, p. 84), and the commissioners of the district assessed the benefits of the proposed improvement against the lands therein, and, after so doing, entered into a contract with Pulaski County, through C. P. Newton, the judge of the county court, for the construction of the improvement, and certain work was done under this contract. Judge Newton was succeeded in office by Judge W. F. Sibeck, who refused to carry out the contract made by his predecessor unless the district would pay $20,000 more than the contract price of the work, which additional

sum was to be used in the construction of the necessary bridges in the district. Having refused to further comply with the contract except upon the condition stated, the county has waived its claim for compensation for the work done by it under the contract.

Litigation arose over the power of the commissioners of the district to issue and sell bonds to promote the improvement, and on March 9, 1931, this power was upheld in the opinion of this court delivered that day in the case of *Moreheart* v. *Mabelvale Road Imp. Dist. No. 29, ante* p. 411, but it has been stipulated by the parties in the instant case that this power had not been exercised.

At the 1931 session of the General Assembly an act was passed, which has been numbered 231 and which was approved by the Governor on March 26, 1931, which was entitled, "A bill for an act to be entitled 'An act to repeal Mabelvale Road District Number 29'." This act reads as follows:

"Be it enacted by the General Assembly of the State of Arkansas:

"Section 1.  That Mabelvale Road District Number 29, Pulaski County, Arkansas, created by order of the Pulaski County Court on the 10th day of October, 1927, and recorded in county court record 42, page 203, of Pulaski County, be, and the same is, hereby repealed.

"Section 2.  That all laws and parts of laws in conflict herewith be, and the same are, hereby repealed."

Upon the authority of this act certain landowners in the improvement district brought suit to restrain the commissioners of the district from further proceeding towards the construction of the proposed improvement, and they prayed that a receiver be appointed to wind up the district's affairs.

In the answer filed to this complaint it was alleged that the act of 1931 was void, but the court below held it was a valid enactment and abolished the district, and the commissioners were ordered to make a full and final report of all funds on hand, to the end that the district

might be dissolved and its affairs wound up, and the commissioners have prosecuted this appeal.

The question for decision is whether the act of 1931 violates Amendment No. 12 to the Constitution. This amendment reads as follows: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

In support of the decree of the court below upholding act 231 as valid and dissolving the district, the following argument is presented. Prior to the adoption of Amendment No. 12 the General Assembly had power to create improvement districts by special acts, and it had the power also to dissolve them. Since the adoption of the Amendment the General Assembly has been deprived of the power to create districts by special acts, but retains the power to abolish them. In the brief of learned counsel for the property owners who oppose the district and seek its dissolution it is insisted: "If the Legislature is vested with authority under Amendment No. 12, to repeal a road district or similar districts created by special act, it therefore has authority under said amendment to repeal any local district created upon petition. If the Legislature can create a road district, it therefore can repeal a road district, unless prevented by Amendment No. 12." Are counsel correct in this proposition?

What is the effect of amendment No. 12 upon the act of 1931? This amendment consists of two sentences, and contains two provisions. By the first sentence all future sessions of the General Assembly are inhibited from passing any local or special act. By the second any future General Assembly was authorized to repeal any local or special act.

It was held in the case of *Gregory* v. *Cockrell,* 179 Ark. 719, 18 S. W. (2d) 362, that the power to repeal a local act in its entirety conferred the right of partial repeal, even though the exercise of that power rendered a local act more local in its nature by making it apply to an even smaller portion of the State than it formerly

did. But the act which accomplished that result was a repealing act.

The caption of that act reads that it is "An act to repeal in part act No. 136 of the General Assembly of the State of Arkansas, approved February 17, 1921, entitled, 'An act to provide for a stock law and to regulate the operation of the same in Chicot County and all that part of Ashley County lying east of Bayou Bartholomew, Arkansas, and for other purposes,' so far as it is applicable to that part of Ashley County lying east of Bayou Bartholomew." The recitals in the body of the act conform to its caption and make clear the purpose that only a partial repeal was intended. It was provided "That this act shall not be construed so as to repeal or amend any part of said act 136 as it is applicable to any part of Chicot County."

It appears from both the majority and the dissenting opinions in the case of *Gregory* v. *Cockrell, supra,* that there was no question as to the intention of the General Assembly. The point of difference in the two opinions was whether the General Assembly had the power to do what it obviously intended. The intention of the General Assembly was there expressed to be to repeal a local law in part, and the law to be repealed in part was described by its number, by the date of its approval, and by its title, so that the legislative intent might certainly appear. There is in the act of 1931 an entire absence of any reference of any kind to any act of any number, date or title. It would appear therefore that in the passage of the act of 1931 there was no legislative intention to repeal any prior act, either general or special. Certainly, some of these methods of identification which are usually employed would have been employed had there been an intention to repeal an existing law, whether that law was general or special or local in its nature.

It was said in the Gregory case, *supra,* that the legislative power is the authority to make laws and to alter or repeal them, and it is just as elementary to say that the courts, in construing laws passed by the Legislature,

to ascertain the legislative intent, are limited to a consideration of the language which the Legislature has employed. We have therefore no authority, whatever the power of the Legislature may be, to say that a law has been repealed, because the power to repeal exists, where the Legislature has employed no language to indicate an intention to exercise that power.

Of course, the Legislature can repeal a local law. It can repeal either local or general laws, but there is nothing about the act of 1931 to indicate an intention to repeal the act of 1923, whether it be local or general. The question is not therefore what the Legislature may do, but is rather what the Legislature has done.

If the act of 1931 has repealed a law, either general or local, it is valid legislation, for the General Assembly has this power, but it has not exercised that power. On the contrary, the obvious purpose of the General Assembly by the act of 1931 is to abolish Mabelvale Road District No. 29 in Pulaski County, Arkansas, and to vacate the order of the Pulaski County court made on the 10th day of October, 1927, which order of court was recorded in county court record 42, page 203, and no other purpose is manifested. The General Assembly was content to exercise this power, and this power alone, without repealing the act under which the district had been organized, whether that act be general or local or special.

Without attempting to repeal any law, general or local, the General Assembly has passed an act, which is, itself, local or special. It has vacated a court proceeding which applied to a small part of a single county of the State. The act of 1931, by its express terms, applies only to the territory embraced in Mabelvale Road District No. 29, and not to any other portion of the State. It abolished the road district and does not purport to do anything else, and it does this without repealing the act under which the district was created. The act applies to a portion of the State, much less than the whole thereof, and must therefore be itself a local or a special act.

Conceding that the General Assembly had the power, in the absence of amendment No. 12, to enact this legislation, that amendment deprived it of the power, because the act of 1931 changes the relation of the property in the district to the district, and no other territory in the State has been affected, and this has been done without repealing or attempting to repeal any existing law, local or special or general. Nothing is done or attempted by the act of 1931 except to repeal or abolish an improvement district, which the parties have stipulated was organized under the provisions of the act of 1923 by an order of the county court, which is itself particularly described.

Had there been any intention to repeal the act of 1923, the simplest and easiest thing to do would have been to say so, but this was not done. The ordinary procedure to repeal a law, general or special, is to recite in the repealing act that a particular act, so described as to definitely and certainly identify it, is thereby repealed. But this was not done. No prior legislation, general or special, was definitely described or otherwise referred to in the act of 1931, and, as we have said, there has been no repeal of any law, but only an enactment changing the status of a small area to a general law. The act of 1931 is therefore a local or special act, within the inhibition of amendment No. 12, and is void for that reason.

The decree of the court below will therefore be reversed, and the cause will be remanded, with directions to enter a decree conforming to this opinion.