Charles AMASON et al *v.* CITY OF EL DORADO et al

83-162                                                   661 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered November 28, 1983
[Rehearing denied January 9, 1984.]

*Vickery & Jones, P.A.,* for appellants.

*Henry C. Kinslow,* City Atty., for appellees.

*William G. Fleming* and *David White,* for amicus curiae Arkansas Municipal League.

STEELE HAYS, Justice. The primary issue here is whether the Arkansas civil service statutes for policemen and firemen require that a vacancy in the office of chief of police must be filled by promotion from within the ranks of the police department. The trial court correctly held that our statutes contain no such requirement.

In January, 1983, the Chief of Police of the City of El Dorado resigned. The El Dorado Civil Service Commission promptly advertised for applicants having "at least ten years experience in law enforcement." There were six candidates, five of whom were employed by the El Dorado Police Department. After written examinations and oral interviews, the Commission appointed John D. Morgan, the one applicant not connected with the police department.

The remaining applicants filed suit for declaratory judgment in the Union Circuit Court. They were joined by two resident taxpayers and another member of the department, Bill Hickman, who had not applied for the position. Respondents are the City of El Dorado and its Civil Service Commissioners. The Circuit Court upheld the Commission and appellants have appealed to us to hold that the Circuit Court erred in finding the Civil Service Commission did not act arbitrarily in its interpretation of the term "law enforcement," and did not violate the civil service statutes of Arkansas in hiring Morgan rather than a candidate from within the department. We affirm the Circuit Court.

With respect to the first point, appellants do not claim the civil service statutes require ten years experience in law enforcement, rather, they argue the term "law enforcement

experience" used by the Commission in the notices it circulated, should be strictly construed. They point out that Morgan's employment history included nine years spent as a security officer on a college campus and as a polygraph examiner in private industry, activities which they contend fail to meet a common understanding of the term "law enforcement experience." Appellants called Mr. Harold Zook, long associated with law enforcement in Arkansas and a Deputy Director of the Arkansas Commission on Law Enforcement Standards and Training. He testified that for purposes of certifying law enforcement officers in Arkansas, recognition is given only to experience with an agency whose primary responsibility is the enforcement of criminal, traffic or highway laws of a state of federal government. But the Civil Service Commission was under no obligation to adopt an identical concept of law enforcement as the Commission on Law Enforcement Standards and Training; it chose to interpret the term broadly rather than narrowly, as it was free to do. Appellants concede Morgan's credentials are impressive (a bachelor's degree in criminology and a master's degree in public administration, coupled with nearly eleven years in the field of law enforcement, broadly defined) and fit within a general understanding of the term "law enforcement." Appellants did not claim below that the Commission was bound to adhere to Mr. Zook's standards, rather, the proof was offered as being relevant *only* to the issue of whether the Commission's interpretation was unreasonable and, hence, arbitrary. We are unable to say the finding of the trial court to the contrary was clearly erroneous.

Turning to the remaining argument, appellants maintain that Ark. Stat. Ann. § 19-1601.1, et seq. (Repl. 1980) (Civil Service for Police and Fire Departments), requires that except when an emergency exists (which is not an issue here) vacancies must be filled by promoting personnel within the department who have served at least one year in a lower rank and who qualify through competitive examination. They cite the 4th and 9th provisions of Section 3 of the act:

4th. For the creation of eligible lists for each rank of employment in said departments in which shall be

entered the names of the successful candidates in the order of their standing in the examination. No person shall be eligible for examination for advancement from a lower to a higher rank until he shall have served at least one year in the lower rank except in case of emergency, which emergency shall be decided by the Board of Commissioners. All lists for appointments or promotions as certified by the Board of Civil Service Commissioners shall be and remain in force and effect for the period of one year from the date thereof and at the expiration of said period all right of priority under said lists shall cease.

9th. For promotion based upon open competitive examinations of efficiency, character and conduct, lists shall be created for each rank of service and promotions made therefrom in the same manner as provided for original appointment. An advancement in rank or increase in salary beyond the limits fixed for the grade by the rules of said commission shall constitute a promotion.

But, like the trial court, we are unable to read into those sections the interpretation appellants would have us make. The requirement that a person serve at least one year in a lower rank before becoming eligible for promotion expressly applies to *advancement,* and we find nothing in the act suggesting that vacancies must be filled only by an advancement of personnel through the ranks. If that interpretation were correct, no one would be eligible for an opening unless he had served a year at a lower rank, meaning that no one could be hired from outside the ranks other than in an emergency. We must reject that interpretation, not only because it is implausible, but because the statutes clearly contemplate otherwise by making a distinction between persons who are *promoted* and those who are *appointed.* (See subsections 4th, 6th, 7th and 9th) of Section 3 (Ark. Stat. Ann. § 19-1603).

Moreover, Section 14 of the Rules and Regulations of the El Dorado Civil Service Commission, adopted soon after the mandate of the original 1933 act, provides that the

Commission shall have the right to prescribe qualifications for applicants desiring to be *employed or promoted* to the position of chief of the El Dorado Police Department. Of course, the Civil Service Commission could not validly adopt a regulation which conflicts with provisions of the civil service statutes, however, as we have said, nothing in the statute renders that regulation ineffectual.

Appellants contend that *Connor* v. *Ricks, Mayor,* 213 Ark. 768, 212 S.W.2d 552 (1948) supports their position. We cannot agree that *Connor* settles the issue presented here. The dispute in *Connor* arose from the long failure of the City of Hot Springs to appoint a Civil Service Commission in accordance with the mandate of the act, and was clouded by the fact that the Commission there relied on the emergency provision of the act in appointing a police chief. The case does not hold that an emergency must exist before a police chief can be appointed from outside the ranks, as that issue was not raised or answered in the *Connor* decision.

An unquestioned principle underlies every dispute which centers on the construction of statutes — what was the legislative intent behind the wording used in particular enactments. *Hice* v. *State,* 268 Ark. 57, 593 S.W.2d 169 (1980); *Holt* v. *Howard,* 206 Ark. 337, 175 S.W.2d 384 (1943). When that intent is obscure, as sometimes happens, the dicta of many cases make note of the fact that if the intent were as urged, it would have been a simple matter for the framers of the act to have said so. *Patrick* v. *State,* 265 Ark. 334, 576 S.W.2d 191 (1979); *Raines* v. *Bolick,* 183 Ark. 832, 39 S.W.2d 309 (1931). That comment is appropriate here and inasmuch as the wording used in the civil service statutes fails to intimate that hiring at all levels must be internal, we are left to conclude that the appellants have failed to demonstrate that the trial court erred.

Appellants suggest that the "spoils system", once so familiar to the American political scene, would be served if the El Dorado Civil Service Commission were permitted to hire its chief from outside the department, in that the division of spoils would merely be shifted from a mayor to a civil service commission. But there can be no real fear of that.

Civil service commissioners are not elected and are not beholden to a cadre of supporters. They serve by appointment for a fixed term, without pay, and by and large they accept the burden of this particular service as a matter of civic duty. Balanced against that danger is the desirability of selecting the most capable individual to be found, so long as that candidate qualifies under the civil service procedures. In this instance, the former policy needs must yield to the latter, since the statutes do not prescribe otherwise. While experience in the particular police department is a significant consideration, it is not alone determinative, or the act would contain that simple proviso.

Appellants' argument that the emergency section is rendered useless if the trial court's interpretation prevails ignores a number of contrary instances. For example: a candidate already employed by the department, who was otherwise qualified, could not be promoted if he had served less than a year in his present rank, absent an emergency.

For the reasons stated, the trial court is affirmed.