The Honorable David R. Malone State Senator Post Office Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1) Do the minimum and maximum ages specified for appointment to any position on fire and police department by Ark. Code Ann. 14-51-301(b)(1)(B) apply when an upper level position is being filled by a lateral transfer of an individual from a police or fire department in another city?
 2) Ark. Code Ann. 14-51-301(b)(9)(A) provides that length of service may be considered when establishing eligibility lists for promotion. How may these acts be interpreted together?
It is my opinion that the answer to your first question is, generally, yes. Arkansas Code of 1987 Annotated 14-51-301 mandates the promulgation of rules and regulations by the board of civil service commissioners of the police and fire departments. Section14-51-301(b) states in pertinent part as follows under subsection (1)(B), subparagraphs i and ii:
 (i)(a) No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who is over thirty-one (31) years of age;
 (b) In any city having a population of not less than nineteen thousand (19,000) nor more than twenty thousand (20,000), according to the 1970 Federal Decennial Census, the minimum age for appointment to any position in the fire department shall be eighteen (18) years;
 (ii) No person shall be eligible for appointment on the police department affected by this chapter who has not arrived at the age of twenty-one (21) years or who is over the age of forty-five (45) years.
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its fact. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985). Section 14-51-301(b)(1)(B) is clear in limiting eligibility for "appointment" to those within the specified ages. An while the particular commission rules and regulations must be considered in this regard, appointment to the police or fire department of another city would, seemingly, constitute an "appointment" for purposes of this Code provision.
In response to your second question, A.C.A. 14-51-301(b)(1)(B) and14-51-301(b)(9)(A) may be read together by recognizing the distinction reflected in 14-51-301 between "appointment" and "promotion". See also, Amason v. City of El Dorado, 281 Ark. 50,661 S.W.2d 364 (1983); Bradley v. Bruce, 288 Ark. 342, 705 S.W.2d 431
(1986). [A.C.A. 14-51-301(b)(9) was amended following the Bradley decision to include seniority within the criteria for promotion. See Act 276 of 1987, codified at A.C.A.14-51-301(b)(9) (Supp. 1987).] It is thus apparent that an "appointment" is distinguishable from a "promotion" for purposes of A.C.A. 14-51-301.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.