The Honorable Morril Harriman State Senator 522 Main Van Buren, AR 72956
Dear Senator Harriman:
This is in response to your request for an opinion on four questions regarding the civil service laws and the Van Buren Fire and Police Departments. Your questions will be restated and addressed in the order posed.
Your first question is:
 (1) May the Van Buren Civil Service Commission require that an applicant for promotion must serve their required time at a lower rank "with the Van Buren Police or Fire Departments," or, in light of Amason v. City of El Dorado, 281 Ark. 50, 661 S.W.2d 364 (1983), must the Commission allow applicants from outside the Van Buren Police or Fire Departments?
In my opinion, the Van Buren Civil Service Commission is not required by law to allow applicants from outside the Van Buren Police or Fire Departments to compete for openings in either department.
Pursuant to A.C.A. § 14-51-301(b)(4)(A)(ii) (Cum. Supp. 1991), absent an emergency, no one is eligible for examination for advancement from a lower to a higher rank in a police or fire department until he has served at least one year in the lower rank. Thus, a person within the department must serve at least one year in his or her position prior to applying for advancement to a higher rank, unless an emergency situation arises. As the Arkansas Supreme Court held in Amason v. City of El Dorado,281 Ark. 50, 661 S.W.2d 364 (1983), however, this provision does not preclude outside applicants from applying for or entering a position without having served time in a lower rank. WhileAmason clarifies that civil service commissions may hire individuals from outside the ranks of the police or fire department other than in emergency situations, it does not go so far as to require commissions to allow outside applicants to compete for department openings. Further, I have found no law requiring a civil service commission to consider outside applicants for openings in the police or fire departments. Accordingly, it is my opinion that, under current law and so long as circumstances permit (e.g., so long as qualified applicants exist within the applicable department), a civil service commission may choose to promote from within and not to consider outside applicants for a position.
Your second question is:
 (2) Are the Van Buren Police and Fire Chiefs subject to the Civil Service regulations?
It is my opinion that the police and fire chiefs of Van Buren are subject to the laws governing civil service, as well as the rules and regulations passed by their Civil Service Commission.
Arkansas Code Annotated § 14-51-102 (1987) provides that cities of the first class may establish a board of civil service commissioners for the police and fire departments of their cities. The City of Van Buren is a city of the first class, as it has over two thousand five hundred (2500) inhabitants. See
A.C.A. § 14-37-103 (1987). As the City of Van Buren has apparently established a civil service system, it should have a board of civil service commissioners for its police and fire departments. See A.C.A. § 14-51-201 (1987). This board is charged with the responsibility of prescribing, amending, and enforcing rules and regulations governing the fire and police departments of the city, which shall have the force and effect of law. See A.C.A. § 14-51-301(a)(1) and (2) (Cum. Supp. 1991). As there is no provision exempting police and fire chiefs from these rules and regulations, it is my opinion that the police and fire chiefs of Van Buren are subject to and must act in accordance with the rules and regulations prescribed by their Civil Service Commission. See e.g., A.C.A. § 14-51-301(b)(1)(a) (Cum. Supp. 1991) (stating that the civil service rules and regulations shall provide the qualifications for applicants for appointment toany position on the police or fire department). See alsoAmason v. City of El Dorado, supra; and Civil ServiceCommission of North Little Rock v. McDougal, 198 Ark. 388,129 S.W.2d 589 (1939), which lend general support to this conclusion.[1]
Your third question is:
 (3) Does A.C.A. Section 14-51-301 require that the certification of the three (3) highest persons apply to promotions?
The answer to this question is "yes." The language of A.C.A. §14-51-301(b)(6) (Cum. Supp. 1991) provides for certification to the department head of the three standing highest on the eligibility list, and for the department head to select forappointment or promotion one of those three. As we noted in Opinion No. 91-272, the legislature amended § 14-51-301(b)(6) to specify that the certification and selection process of §14-51-301 applies to both appointment and promotion following the Arkansas Supreme Court's holding in Bradley v. Bruce,288 Ark. 342, 705 S.W.2d 431 (1986), that the procedure did not apply to promotions. See Acts 262 and 657 of 1987.
Your fourth question is:
 (4)(A) In light of Worth v. Civil Service Commission, 294 Ark. 643, 746 S.W.2d 364 (1988), is the accumulation and use of service credits, as proposed, permitted, or do they constitute using seniority as a factor in promotion?
 (B) For the same reason, can a tie in promotional examination scores be broken by using time in grade or by date of hire as suggested?
In connection with your fourth question, you state that the Van Buren Civil Service Commission proposes allowing employees to acquire service credit points for each year of service, which will be added to the total points of all promotional examinations prior to the creation of an eligibility list. You also state that, in the event of identical examination scores, ranking on the eligibility list shall be determined by time in grade (time served in currently held rank) from which promotion is sought. You state that if there are identical amounts of time served in the rank from which promotion is sought, ranking on the list will be by date of hire.
In response to question (4), let me point out that although both of the above practices would constitute ranking applicants on the basis of seniority, that practice is no longer prohibited. In Act 276 of 1987, the Arkansas Legislature specifically provided for the rating of applicants for promotion on the basis of several factors, including length of service. See A.C.A. §14-51-301(b)(9)(A) (Cum. Supp. 1991). At the time of the vacancies at issue in Worth v. Civil Service Comm'n, supra,
applicants for promotion were to be ranked solely by competitive examination, and no provision was made for consideration of seniority. Following this change in the law, the proposed practices would not appear to be prohibited.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] This is not to say, however, that the police and fire chiefs are not also subject to some supervisory authority of the mayor, and/or city council. See Op. Att'y Gen. No. 91-188 (copy enclosed).