The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, Arkansas 72455
Dear Senator Wilson:
This is in response to your request for an opinion on whether mayoral service can qualify as "related law enforcement experience" for purposes of applying for a position which requires such experience with the Arkansas Department of Correction ("ADC").
It is my opinion that this is a question which is best left to the discretion of the officials at the Arkansas Department of Correction. You have not indicated for what position the applicant is applying, or whether it is a state law or merely Department policy which requires the "law enforcement experience." I will set out the most relevant law on the topic below, but must note that the interpretation of the term "law enforcement experience" will be initially made by the officials at the ADC.
With regard to the "law enforcement" powers of mayors, it is true that mayors in cities of the first class have and shall exercise the power conferred on sheriffs, within the city limits of their cities to "suppress disorders and keep the peace. . . ." See A.C.A. § 14-43-504
(b)(2) (Cum. Supp. 1993). The mayor in such cities is also a "conservator of the peace." A.C.A. § 14-43-504(a). It may be contended in light of this statute that the position of mayor is "related" to law enforcement. Whether a particular mayor has ever actually exercised any law enforcement powers, although invested with them, is something the ADC may wish to take into account in its decision. Mayors in cities of the second class and incorporated towns are also "conservators of the peace" (see A.C.A. §§ 14-44-408(a); 14-45-106; and Arkansas Constitution, art. 7, §38) although they are not invested with the powers of sheriffs.
The only Arkansas case discussing "law enforcement experience" is Amasonv. City of El Dorado, 281 Ark. 50, 661 S.W. 2d 364 (1983). At issue there was a vacancy in the office of chief of police. The Civil Service Commission advertised for job applicants with "at least ten years experience in law enforcement." Five members of the police department applied for the job and one applicant applied who was not with the police department. It was this applicant who was hired, and the remaining five officers sued, alleging that the Civil Service Commission acted arbitrarily in its interpretation of the term "law enforcement." The applicant who was hired had nine years experience as a campus security officer and as a polygraph examiner in private industry. The plaintiffs (the other five officers) called a deputy director with the Arkansas Commission on Law Enforcement Standards and Training who testified that for purposes of certifying law enforcement officers in Arkansas, recognition is given only to experience with an agency whose primary responsibility is the enforcement of criminal, traffic or highway laws of a state or federal government.[1] The Arkansas Supreme Court, despite this testimony, refused to overturn the circuit court's ruling that categorizing this experience as "law enforcement" experience was not unreasonable or arbitrary. The court held that the Civil Service Commission was under no obligation to adopt an identical concept of "law enforcement" as the Commission on Law Enforcement Standards and Training. "It chose to interpret the term broadly rather than narrowly, as it was free to do." Id. at 52.
It is my opinion, in light of this language, that similarly, the ADC is free, absent any statutory requirements concerning this position of which I have not been made aware, to interpret the term "law enforcement experience," especially the term "related law enforcement experience" broadly, as long as its interpretation is not unreasonable or arbitrary. I cannot conclude, in light of the statutes with regard to the powers of mayors, that such an interpretation would be unreasonable or arbitrary. Again, however, the initial interpretation of the requirement is left up to the ADC.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See also Op. Att'y Gen. 93-434 (copy enclosed) (stating that mayors, as elected officials, are not classified as "law enforcement officers" for purposes of law enforcement and training standards requirements).