Jerry DONALDSON, Anthony Graham, Eddie Lunsford, Ruben Camp, Maurice Green, & the Fraternal Order of Firemen *v.* Jerry TAYLOR, Mayor of the City of Pine Bluff, Arkansas, & Ray Jacks, Fire Chief

96-72                                             936 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered January 27, 1997

*Robert A. Newcomb*, for appellants.

*Carol Billings*, City Attorney, for appellees.

TOM GLAZE, Justice. In this case, appellant-firemen, who work twenty-four-hour shifts, argue that, commencing January 1, 1993, the City of Pine Bluff erroneously changed its policy in calculating their sick leave. Their dispute with the City centers on the interpretation of Ark. Code Ann. § 14-53-108 (Supp. 1995), which in relevant part provides as follows:

> (a)(1) From and after April 11, 1969, all fire fighters employed by cities of the first and second class shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
>
> · (2) If unused, sick leave shall accumulate to a maximum of sixty (60) days unless the city, by ordinance, authorizes the accumulation of a greater amount, in no event to exceed a maximum accumulation of ninety (90) days, except for the purpose of computing years of service for retirement purposes. .
>
> (b)(1) In cities having sick leave provisions through ordinance, the total sick leave accumulated by the individual fire fighter shall be credited to him and new days accumulated under the provisions of this section until the maximum prescribed in subsection (a) of this section is reached.
>
> (2) Time off may be charged against accumulated sick leave only for the days that a fire fighter is scheduled to work. No sick leave as provided in this section shall be charged against any fire fighter during any period of sickness, illness, or injury for any days which the fire fighter is not scheduled to work.

In calculating sick leave under § 14-53-108(a)(1) and (2), the City prior to January 1, 1993, determined that a fireman working a twenty-four-hour shift who missed his or her entire shift due to illness was charged only one eight-hour day of sick leave. After January 1, 1993, the City redefined a sick day as eight hours, so that a fireman missing an entire twenty-four-hour shift would be

charged three days (3 x 8 = 24) of his or her accumulated sick leave.

The firemen working twenty-four-hour shifts brought this suit requesting declaratory relief urging the trial court to hold that the City's interpretation of § 14-53-108 was wrong, and violated the Pine Bluff Civil Service Commission's rules and regulations dealing with the firemen's sick-leave policy. The trial court denied the appellant-firemen's request for relief, and among other things, held that the term "working day" as employed in § 14-53-108 must be construed to refer to an eight-hour day rather than a twenty-four hour shift. In so holding, the trial court further determined that the City's new sick-leave policy conformed with the statute's language. We agree, and therefore, affirm.

The crux of the firemen's argument is that the trial court misinterpreted the term "working day" to mean the hours worked within a twenty-four-hour period, and that the City is clearly wrong when it charged three days of sick leave when a fireman misses one twenty-four-hour period.[1] In further support of this argument, the firemen also submit that the City's civil service regulations define "working day" as meaning "tour of duty." They suggest that, when using that definition, "working day" as utilized in § 14-53-108 is intended to mean hours worked within a twenty-four-hour period or a tour of duty. We disagree.

First, we point out that the terms "working day" and "tour of duty" found in Pine Bluff's civil service regulation were previously found in § 14-53-108, but were later omitted when the statute was amended by Act 842 of 1983. The General Assembly enacted Act 842 after this court's decision in *City of Fort Smith v. Brewer*, 255 Ark. 813, 502 S.W.2d 643 (1973), where in calculating firemen's holidays, the statutory term "working days" was construed by this court to mean an eight-hour day rather than a twenty-four-hour shift. *See also Kalb v. Village of Oak Lawn*, 470 N.E.2d 1268, (Ill. App. 1 Dist. 1984) (where the court held "days" in a municipal sick-leave ordinance referred to eight-hour

---

[1] Appellants cite *Webster's Encyclopedia Unabridged Dictionary of the English Language* which defines "workday" as meaning the hours worked within a twenty-four hour period.

days as applied to fire fighter, where that fire fighter worked a twenty-four-hour day with forty-eight hours off).

■ Second, we also note that the Pine Bluff Civil Service Commission's regulations as they refer to firemen's sick leave have little meaning here, since Arkansas law prohibits such commissions from exercising any control over the normal routine day-to-day operations of a fire department. *See* Ark. Code Ann. § 14-51-212 Supp. 1995). Clearly the City of Pine Bluff has the authority to operate and manage its fire department, including its fire fighter's hours of duty, holiday compensation, annual vacation, and sick leave. *See* Ark. Code Ann. §§ 14-53-101 -108 (1987 and Supp. 1995). Commensurate with that authority, the City, by ordinance pursuant to § 14-53-108, chose to change its policy so as to limit sick leave to ninety days for those firemen employed on twenty-four-hour shifts.[2]

■ We should also mention that the City of Pine Bluff's actions were well within the time restrictions of § 14-53-108, but the same cannot be said of the argument offered by appellants. Appellants concede that, if our court should adopt their interpretation of § 14-53-108 and proposed calculation of sick-leave benefits, a fireman could actually use up to *nine months* of sick leave. Obviously, such a result clearly runs contrary to § 14-53-108(a)(2) which limits sick leave to sixty days unless, by ordinance, the city authorizes an amount not to exceed ninety days .[3]

For the reasons above, we affirm.

---

[2] Firemen who work eight-hour days, five days per week are admittedly limited to ninety days of accumulated sick leave.

[3] We note that § 14-53-108(c)(1) and (2) provides for paid benefits upon retirement or death, but payment for unused sick leave shall not exceed three months' salary unless, by ordinance, the city authorizes four and one-half months' salary.