The Honorable Henry Wilkins State Senator 717 W. 2nd Avenue Pine Bluff, AR 71601
Dear Senator Wilkins:
This official Attorney General opinion is issued in response to your request for an opinion concerning the filling of a newly created position within the Pine Bluff Police Department.
I understand your question to be:
 Under the Pine Bluff Civil Service Commission's Rules and Regulations, is it permissible for a newly created position in the Pine Bluff Police Department to be filled from outside the department?
I note that you have provided me with a copy of certain sections of the pertinent rules and regulations.
RESPONSE
As an initial matter, I must point out that the Office of the Attorney General normally concerns itself primarily with matters of state law, and does not ordinarily construe the language of local measures, such as civil service commission rules and regulations. The construction of such measures necessarily involves a determination of the intent of the civil service commission, a factor that this office is not well situated to address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the civil service commission that is not apparent from the face of the rules and regulations. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The concerned parties should consult their local counsel regarding these matters. They should also be aware that the construction of the rules and regulations about which you have inquired could ultimately be handled only through a medium that is authorized to consider local matters, such as a court. For these reasons, I cannot construe the Pine Bluff Civil Service Commission's Rules and Regulations. In particular, I cannot determine conclusively whether the rules and regulations permit filling a newly created position from outside the department.
However, I can evaluate these rules and regulations for the purpose of determining whether, on their face, they are consistent with state law. (A civil service commission, as an arm of the city, cannot promulgate rules and regulations that are contrary to state law. See A.C.A. §14-42-307; Amason v. City Of El Dorado, 281 Ark. 50, 661 S.W.2d 364
(1983). Accord, Civil Serv. Comm'n v. McDougal, 198 Ark. 388,129 S.W.2d 589 (1939) (commission's rules and regulations must remain within the purview of the authorizing legislation), overruled in part on other grounds, Tovey v. Jacksonville, 305 Ark. 401, 808 S.W.2d 740 (1991). I will therefore undertake to evaluate this aspect of the rules and regulations about which you have inquired.
Before doing so, I will set out the pertinent provisions of the Pine Bluff Civil Service Commission's Rules and Regulations with which you have provided me.
First, Section 3, entitled "Promotional Opportunities," states:
 It is the policy of the Civil Service Commission to provide promotional opportunities whenever possible to qualifies employees. Employees are encouraged to take advantage of these opportunities by qualifying themselves for advancement through further education and study, and by a high level of performance, service, interest and loyalty.
Section 3(A), entitled "Notice of Promotional Examinations," states:
 Notice of promotional competitive examinations need only be circulated in offices where there are employees eligible to compete. These notices should be posted as far in advance of the testing as possible, with a minimum of 10 days required.
Section 3(B)(I), entitled "Employees Only," states:
 A promotional competitive examination will be limited to eligible employees of the organizational unit concerned, where possible. The Commission may determine and specify in the notice of promotional examinations the rank or ranks in the organizational unit eligible to compete. The Commission and/or the department head will determine whether the promotional opportunity will be restricted to qualified applicants in the department. (See exception, Section 8 below [concerning temporary employees, not set forth herein]).
The foregoing rules and regulations were enacted by the Pine Bluff Civil Service Commission pursuant to the authority granted it under state law.See A.C.A. § 14-51-301 (civil service commission required to prescribe rules and regulations governing municipal police departments and providing for the qualifications for appointment to any position).
The relevant provision of state law is A.C.A. § 14-51-301, which sets forth the items that must be included in the rules and regulations of civil service commissions for municipal fire and police departments. That statute requires that examinations for vacant positions be "open," and that notice of such examinations be published. The pertinent provisions state:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
* * *
(b) These rules shall provide for:
* * *
 (2)(A) Open competitive examinations to test the relative fitness of applicants for the positions.
 (3)(A) Public advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in the city and by posting of notice at the city hall at least ten (10) days before the date of the examinations.
A.C.A. § 14-51-301 (in part) (emphasis added).
The above-quoted statutory provisions indicate that the legislature intended that examinations to test applicants for all positions be open to persons outside the department.[1] This conclusion is evident from the statute's reference to "open competitive examinations" and from the requirement that notice of "all" examinations be published citywide. The above-quoted provisions of the Pine Bluff Civil Service Commission's Rules and Regulations appear to be in direct conflict with the openness requirement, because they expressly authorize closed examinations.
The Arkansas Supreme Court rejected the notion of limiting hiring to internal hires in Amason v. City of El Dorado, 281 Ark. 50,661 S.W.2d 364 (1983). That case involved the filling of the position of chief of police. The plaintiffs (persons within the department who had applied for the position) argued that the position could not be filled from outside the department, since state law provided that applicants for positions could not be promoted until they had served one year in a given rank. This requirement, they argued, implied that positions would be filled from within the department. The Supreme Court rejected the argument, stating:
 If that interpretation were correct, no one would be eligible for an opening unless he had served a year at a lower rank, meaning that no one could be hired from outside the ranks other than in an emergency. We must reject that interpretation, not only because it is implausible, but because the statutes clearly contemplate otherwise by making a distinction between persons who are promoted and those who are appointed.
Amason v. City of El Dorado, 281 Ark. at 53 (emphasis added).
Moreover, the Court pointed out, if the legislature had intended to limit hiring to internal hires, "it would have been a simple matter for the framers of the act to have said so." Amason, 281 Ark. at 54.
On the basis of these authorities, I conclude that if the Pine Bluff Civil Service Commission's Rules and Regulations are intended to preclude hiring from outside the department, they are in conflict with state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Indeed, this statute also requires the commission to promulgate rules and regulations "[e]stablishing eligibility lists for promotion based upon open competitive examinations." A.C.A. § 14-51-301(9)(A)(1) (emphasis added).