The Honorable Jim Argue, Jr. State Senator 5300 Evergreen Drive Little Rock, AR 72205-1814
Dear Senator Argue:
I am writing in response to your request for an opinion on the following questions concerning the payment of accrued sick leave to police officers and fire fighters at retirement:
 1. For purposes of payment of the specified portion of accrued sick leave for a Police Officer or a Firefighter covered by requirements of LOPFI, what constitutes `retirement?'
 2. Does a municipality have any obligation to pay a portion of sick leave to any terminating Police Officer or Firefighter whose age plus years of service are less than specified in the answer to question 1?
 3. Does the statute allow a municipality to pay a portion of accrued sick leave to a police officer or firefighter terminating with less than the age and service requirements specified in response to question 1?
 4. Since LOPFI operates independently of any municipality, can a municipality require documentation from the terminating employee and/or LOPFI to verify the age and service requirements have been met prior to paying any portion of accrued sick leave (especially in light of multi-employer and/or military service being available for inclusion)?
RESPONSE
I recently addressed your first question in Attorney General Opinion2002-175 (copy enclosed), wherein I concluded that the term "retirement" as used in A.C.A. § 14-52-107 (c) (governing payment of accrued sick leave to police officers) entails separation from employment and eligibility to receive retirement benefits, i.e., the member has accrued the required number of years of credited service under the statutes that govern LOPFI and he or she has attained the required age for eligibility to receive benefits. See Op. Att'y Gen. 2002-175 at 3. The same conclusion applies for purposes of paying accrued sick leave to a fire fighter covered by LOPFI. It is my opinion that the answer to your second and third questions is "no" with regard to a police officer or a fire fighter covered by LOPFI. It is my opinion in response to your fourth question that a municipality may reasonably impose a documentation requirement on the terminating employee.
Question 1 — For purposes of payment of the specified portion ofaccrued sick leave for a Police Officer or a Firefighter coveredby requirements of LOPFI, what constitutes `retirement?'
Please see the enclosed Attorney General Opinion 2002-175. As noted therein, a police officer's "retirement" or "death" is a condition to receiving payment for accrued sick leave under A.C.A. § 14-52-107 (c).Id. at 2. This is also the case with regard to a fire fighter under the identical language of A.C.A. § 14-53-108 (c) (1). With regard to a police officer who participates in LOPFI, the Opinion goes on to state:
 The statutes that govern LOPFI do not define the term `retirement.' However, these statutes do make clear by other means that they contemplate `retirement' to include both separation from employment and eligibility to receive retirement benefits. First, these statutes define the term `retirant' as follows: `Retirant' means a former member receiving a plan annuity by reason of having been a member[.]' Second, a former member is not eligible to receive retirement benefits unless he has reached `normal retirement age.' `Normal retirement age' entails not only attaining a particular age, but also accruing a certain number of years of credited service. . . . Accordingly, I must conclude that a police officer who has accrued 20 or more years of credited service, but who has not yet attained the age of eligibility to receive retirement benefits cannot be deemed `retired.' For this reason, this officer is not eligible to receive payment for his accrued sick leave under the provisions of A.C.A. § 14-52-107(c), which require `retirement' or `death' as a condition for receiving such payment.
Op. Att'y Gen. 2002-175 at 2-3.
This analysis is equally applicable to a fire fighter who participates in LOPFI.[1]
Question 2 — Does a municipality have any obligation to pay a portion ofsick leave to any terminating Police Officer or Firefighter whose ageplus years of service are less than specified in the answer to question1?
It is my opinion that the answer to this question is "no" with regard to an officer covered by LOPFI.
Question 3 — Does the statute allow a municipality to pay a portion ofaccrued sick leave to a police officer or firefighter terminating withless than the age and service requirements specified in response toquestion 1?
It is my opinion that the answer to this question is "no" with regard to an officer covered by LOPFI.
Question 4 — Since LOPFI operates independently of any municipality, cana municipality require documentation from the terminating employee and/orLOPFI to verify the age and service requirements have been met prior topaying any portion of accrued sick leave (especially in light ofmulti-employer and/or military service being available for inclusion)?
Although the uniform sick leave statutes are silent with regard to procedures for verifying eligibility, it is my opinion that a municipality can require documentation from the terminating employee pursuant to its duty and authority to administer the uniform sick leave requirements. Seegenerally Donaldson v. Taylor, 327 Ark. 93, 936 S.W.2d 551 (1997) (confirming the City of Pine Bluff's authority to operate and manage its fire department, including its fire fighters' hours of duty, holiday compensation, annual vacation, and sick leave). In my opinion, however, a municipality probably lacks the authority to require such documentation from LOPFI. A municipality has no administrative authority with respect to this separately administered retirement system. See A.C.A. 24-10-201
(vesting a five-member board of trustees with "[t]he general administration and the responsibility for the proper operation of [LOPFI]. . . .") Thus, while LOPFI may choose to make the information available to the municipality, I have found no authority for the proposition that a municipality can require LOPFI to document a member's eligibility for accrued sick leave.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It should be noted that a different analysis may apply in the case of a police officer or a fire fighter who was hired prior to the creation of LOPFI. Such officers may be governed by different rules of eligibility for retirement. See Ops. Att'y Gen. 2002-175 at 3 and 2001-155. As stated in Opinion 2002-175: "The question of whether those officers are entitled to receive payment for accrued sick leave under A.C.A. § 14-52-107(c) will depend upon whether they would be deemed `retired' under the terms of the retirement plan by which they are covered." Id. at 3. I have enclosed a copy of Attorney General Opinion 2001-155 for your convenience in considering this matter.