The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion concerning a city's sick leave policy for firefighters. As backdrop for your question, you state:
 At one point, the [City of West Memphis] had agreed that firefighters would be able to acquire twenty/twenty-four hour days of sick time and they would be allowed to accumulate up to sixty/twenty-four hour days over a three year period. At the time of retirement, they would be allowed to sell back forty-five of the days to the city. Recently, the city has changed this policy and allows them to accumulate twenty/eight-hour days, and they allow them to sell back the same forty-five but only as eight-hour days. There is one exception: they have grandfathered some of the firefighters who were hired under the old rule and allowed them to sell back at the twenty-four hour rate.
Your specific question in this regard is whether the City can let some, but not all, of the firefighters hired under the old rule sell back at the twenty-four hour rate.
RESPONSE
Assuming the validity of allowing some firefighters to "sell back at the [old] twenty-four hour rate,"[1] it is my opinion that the answer to this question regarding the "grandfathering" of some, but not all of the firefighters will depend upon the particular basis or rationale for the different treatment. You have provided no facts in this regard. I am thus unable to conclusively opine on the matter. Generally, however, it is my opinion that the different treatment accorded certain firefighters will withstand scrutiny if it is founded upon any rational basis. This is the applicable test in this instance for determining whether the distinction or classification is properly within the bounds of the equal protection clauses of the United States and Arkansas Constitutions. See U.S. Const. amend. XIV and Ark. Const. art. 2, §§ 2 and 3.
The equal protection doctrine prohibits certain types of "classifications" that result in the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary — that is, that the disparity has no conceivable rational basis or rational relation to a legitimate end. See generallyVacco v. Quill, 521 U.S. 793 (1997); Craft v. City of Fort Smith,335 Ark. 417, 984 S.W.2d 22 (1998). This is the applicable test in this instance, given the fact that the distinction in question involving firefighters' sick leave does not involve a suspect class or a fundamental right.[2]
It should also be noted that in reviewing the constitutionality of a classification that does not affect a suspect class or a fundamental right, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, so long as any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Ester v. National Home Ctrs., Inc., 335 Ark. 356,981 S.W.2d 91(1998); Reed v. Glover, 319 Ark. 16, 889 S.W.2d 729 (1994);Arkansas Hospital Assoc. v. State Board of Pharmacy, 297 Ark. 454,763 S.W.2d 73 (1989).
As you can see, this is an extremely lenient test. Additionally, any party challenging the different treatment under the City's policy will have the burden of proving that it is not rationally related to achieving any legitimate objective of city government under any reasonably conceivable state of facts. See generally Reed, supra.
While I am unable to conclusively resolve the question you have posed due to its factual nature, the foregoing will hopefully be of assistance in identifying the legal framework to guide the factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] I have no information concerning the change in the City's sick leave policy or the decision to grandfather some firefighters who were hired under the old policy. You have presented no questions or facts in this regard, and consequently I will not undertake any analysis thereof, other than to note the governing statute with respect to sick leave for firefighters, which provides that firefighters "shall accumulate sick leave at the rate of twenty (20) working days per year. . . ." A.C.A. §14-53-108 (Repl. 1998). Regarding this statute, reference should be had to the case of Donaldson v. Taylor, 327 Ark. 93, 936 S.W.2d 551 (1997), wherein the Arkansas Supreme Court upheld a change in the City of Pine Bluff's policy for calculating sick leave that redefined a sick day as eight hours, rather than a twenty-four hour shift. I lack sufficient facts to determine whether this case has any relevance to the City of West Memphis's policy change in this instance. In any event, this opinion is limited to the narrow question posed, that is, whether the City may be permitted to grandfather some, but not all, of the firefighters who were hired under the old policy.
[2] Sick leave for firefighters implicates no fundamental right. Regarding so-called "suspect classes," such classes have been identified in legislation based on race (Loving v. Virginia, 388 U.S. 1 (1967)), alienage (Graham v. Richardson, 403 U.S. 365 (1971)), or national origin (Oyama v. California), 332 U.S. 633 (1948)).