The Honorable Joyce Elliott State Representative 7808 Lassie Lane Little Rock, AR 72205-8314
Dear Representative Elliott:
I am writing in response to your request for an opinion on the following:
 Presently in the city of Little Rock, a police officer may appeal a suspension from work after being suspended three days OR twenty four hours' of pay. The option of appealing" twenty four hours' pay" is presently not extended to firefighters. May a city legally (in this case Little Rock) have a different standard of appeals of suspension for firefighters from police officers?
RESPONSE
In my opinion, the Little Rock Civil Service Commission's ("LRCSCS") use of "calendar days" in Rule 6.1 as applied to firefighters is contrary to A.C.A. § 14-51-308 (Supp. 2005). In the absence of a specific statutory definition, in my opinion, the word "day" as used in A.C.A. § 14-51-308, should be read as an "eight hour workday."
Your question involves the standards applied by the City of Little Rock in implementing A.C.A. § 14-51-308 addressing procedural requirements for the civil service programs of firefighters and police officers. Specifically, A.C.A. §14-51-308 states in pertinent part:
 (a)(1) No civil service employee shall be discharged, reduced in rank or compensation, or suspended for three (3) or more days without being notified in writing of the discharge, reduction in rank or compensation, or the suspension for three (3) or more days and its cause.
 (2) In case of suspension, discharge, or reduction, the affected or accused person shall have written notice of the action at the time action is taken.
 (b)(1) Within ten (10) days after the notice in writing is served upon the officer, private, or employee, the person may request a trial before the board of civil service commissioners on the charges alleged as the grounds for discharge if he or she so desires.
Id. While your request for an opinion references a standard for a police officer suspended for "twenty four hours" pay to request a trial before the board of civil service commissioners, I can find no equivalent language in the statute or in the applicable rules of the City Civil Service Commission. I have reviewed a copy of the City Attorney of Little Rock's written opinion, 2006-001, which does not mention the equivalent twenty-four hours of pay language. Specifically, Op. Cty. Att'y of L.R. 2006-001 states that the Rules and Regulations of the Little Rock Civil Service Commission authorize "an employee who is suspended for three (3) calendar days or more" to request a trial before the commission. Id. at fn.2 (emphasis added). I assume that your use of the phrase "twenty four hours pay" in regard to police officers is intended to convey the notion that three calendar days generally equals twenty-four hours pay for such officers. Your question appears to be premised on the alleged disparate treatment occurring when this same three-day language is applied to the atypical schedule of Little Rock firefighters, who are scheduled to work in twenty-four hour increments with forty-eight hours between on-duty increments as opposed to the "normal" eight-hour "workday" shifts for other employees. Your apparent concern is that a firefighter suspended for one calendar day is suspended for twenty four hours of work without the right to a trial before the commission, whereas a police officer suspended for twenty-four hours of pay would have the right to such a trial.
Neither A.C.A. § 14-51-308 nor the entirety of that subchapter of the code, A.C.A. § 14-51-101 through -311 (Repl. 1998 Supp. 2005), defines the word "day." The only other significant mention of "day" is in A.C.A. § 14-51-301 (Supp. 2005), which limits suspensions of firefighters and police officers to thirty (30) "calendar days." Id. at (b)(10)(A).[1]
Your request for an opinion requires that I interpret the phrase "three days" in A.C.A. § 14-51-308 and determine whether the city's adoption of a "calendar" day standard in its regulations is contrary to the statute or otherwise unconstitutional as applied to firefighters. At issue is whether the term "day" should be interpreted to mean a "calendar day" irrespective of how many hours an employee worked during that period.
Civil service systems are expressly designated as a "state affair" outside the so-called "Home Rule" powers granted to a municipality. A.C.A. § 14-43-601(a)(1)(F) (Repl. 1998). Even with regard to such "state affairs," however, a municipality may exercise any function or legislative power in the area, if local regulation is not "in conflict with state law." A.C.A. §14-43-601(a)(2) (Repl. 1998). Municipal civil service commissions are authorized to promulgate regulations "governing the fire and police departments of their respective cities." A.C.A. §14-51-301(c)(1) (Supp. 2005). These regulations have the force and effect of law. Id. at (a)(1) through (2). It is clear, however, that the commission may not promulgate regulations that are contrary to the state law. See Ark. Const. Art. 12 § 4;and A.C.A. § 14-42-307 (Repl. 1998); see also Amason v. CityOf El Dorado, 281 Ark. 50, 661 S.W.2d 364 (1983); and CivilServ. Comm'n v. McDougal, 198 Ark. 388, 129 S.W.2d 589 (1939) (commission's rules and regulations must remain within the purview of the authorizing legislation) overruled on other grounds, Tovey v. Jacksonville, 305 Ark. 401, S.W.2d 740 (1991).
If the term "day" in A.C.A. § 14-51-308 should be interpreted as a period of time other than a "calendar day," when applied to firefighters, the use of "calendar day" in LRCSC Rule 6.1 would be contrary to state law and therefore invalid insomuch as it attempted to use a standard different from the State law.
The Arkansas Supreme Court has stated with regard to statutory interpretation, as follows:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., ___ Ark. ___, ___ S.W.3d ___ (June 23, 2005); see also Ops. Att'y Gen.2005-138; 2005-072; and 2004-339.
The court has also held that "it does not engage in interpretations that defy common sense and produce absurd results," and that "in construing statutes . . . we look to the language under discussion in the context of the statute as a whole." Green v. Mills, 339 Ark. 200, 205, 4 S.W.3d (1999) (citing Haase v. Starnes, 323 Ark. 262, 915 S.W.2d 675 (1996));see also Cloverleaf Express v. Fouts, ___ Ark. ___, S.W.3d ___ (Apr. 27, 2005); Steward v. McDonald, 330 Ark. 837,958 S.W.2d 297 (1997); and Burcham v. City of Van Buren,330 Ark. 451, 954 S.W.2d 266 (1997).
The City of Little Rock Civil Service Commission Rules and Regulations, Chapter 6, Section 1 states in pertinent part:
 No civil service employee of the [Little Rock Police Department] or [Little Rock Fire Department] . . . shall be discharged, reduced in rank or compensation or suspended without being notified in writing of such action and the reasons upon which it is based. An employee discharged, reduced in rank or compensation, or suspended for three (3) calendar days or more shall have the right, within ten (10) calendar days from the date of notice of the disciplinary action, to reply in writing and request a hearing before the Commission. Any such written reply shall be a part of the record before the Commission in the event of an appeal hearing. Suspensions are limited to a maximum of thirty (30) calendar days.
The regulation thus inserts the word "calendar" before the word "day" for purposes of applying the statute to police officers and firefighters. It is my understanding that the city interprets its regulation as requiring the suspension of a firefighter for three twenty-four hour shifts prior to the firefighter being granted the right to a trial before the LRCSC. See Op. Cty. Att'y of L.R. 2006-001.
In my opinion, the language of A.C.A. § 14-51-308 is ambiguous. When the statutory language is considered in light of the atypical work schedule for a firefighter, "days" could be interpreted as denoting either calendar days or eight-hour "standard" working days. In the context of computation and accrual of sick leave, one of my predecessors specifically noted that this computation and accrual "is complicated by the fact that firefighters do not work ordinary eight hour days." Op. Att'y Gen. 95-266 at fn. 2; see also Op. Att'y Gen. 93-013 at 4. One of my predecessors specifically addressed the disparity in determining "days" for firefighters under sick leave statutes in Op. Att'y Gen. 93-013. Specifically, my predecessor opined in pertinent part:
 In an absence of a definition of "working day," it is my opinion that this term refers to an eight hour working day. See generally, City of Fort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973), and generally Op. Att'y Gen. No. 1992-186 (copy enclosed).
 In Brewer, the Arkansas Supreme Court determined that the amount of holiday pay to which firemen are entitled should not be based upon a "tour of duty," or a 24-hour work shift. To so conclude, the court reasoned, would entitle firefighters to three times the amount of holiday pay as other city workers. The court therefore concluded that it was not inconsistent with the statutes for the city to divide the firefighter's biweekly pay by ten (according to two five day work weeks per pay period) and pay the firefighters holiday pay based upon this" daily rate of pay," and not based upon twenty-four hours pay as the "daily rate of pay."
 Similarly, with reference to payment of sick leave upon retirement, if payment is based upon the use of one sick leave day per "tour of duty" firefighters would be roughly three times as well compensated in this regard as police officers who also accumulate twenty "working days" a year, but who often work a five-day forty hour work week. See A.C.A. § 14-52-107(a)(1)(1987).
 The Brewer decision indicates that in the absence of clear legislative guidance, cities will be granted some discretion in equalizing the benefits of firefighters in light of their unique schedules, and thus, in my opinion, in determining what constitutes their "working day." A recent opinion of this office with regard to military leave for firefighters supports the conclusion that in the absence of a definition of "day" in a statute, a "day" with reference to the shifts of firefighters, should be construed to mean an eight hour day. See Op. Att'y Gen. No. 1992-186. In this opinion, which relies upon City of Fort Smith v. Brewer, it was concluded that a "day" for purposes of acquiring military leave was an eight hour day, and not a twenty-four hour shift. See also, Sherwood v. American Sugar Refining Co.,
287 F. 721 (D.C.N.Y. 1922).
Op. Att'y Gen. 93-013 at 4. In applying the holding of Brewer,
my predecessor continued, stating:
 Just as the Brewer decision stands for the proposition that firefighters should not be overcompensated with regard to benefits because of their unique schedules, it is my opinion that the court's reasoning similarly stands for the proposition that they should not be penalized for them either.
Op. Att'y Gen. 93-013 at 5-6 (emphasis added).
I agree with my predecessor that the reasoning in Brewer not only precludes affording "overcompensation" or special benefits to firefighters solely because of a firefighter's atypical schedule but also precludes a city from penalizing a firefighter because of the atypical work schedule involved. Brewer, supra,
in essence stated that proper compensation for a firefighter should not ignore the two days off following a twenty-four hour shift. Over the span of three days, a firefighter works twenty-four hours in just one shift instead of three eight-hour shifts in three days. The LRCSC Rule 6.1 appears to ignore this facet of a firefighter's schedule. It appears that firefighters must be suspended three "calendar days," or the equivalent of 72 hours of work, nearly two weeks of a standard five day, forty hour per week schedule before being allowed to request a trial from the civil service commission regarding a suspension under the LRCSC Rules.
While a court is the proper entity to make determinations regarding the meaning of ambiguous statutory terms, in my opinion such a court is likely to conclude that the word "day" in A.C.A. § 14-51-308 should be interpreted to mean an "eight hour working day" so that both police and firefighters have the right to request a trial from the civil service commission when suspended for the same amount of working hours. The courts have recognized the unique difficulty in balancing the benefits for firefighters, who work nonstandard shifts, with the benefits of those who work on a standard schedule. Brewer, supra, notes that municipalities have discretion in attempting to equalize the benefits of police officers and firefighters. The use of "calendar days" for both police officers and firefighters under LRCSC Rule 6.1 creates unequal benefits because of the atypical schedules of firefighters. In my opinion, in the absence of a statutory definition, a "day" as used in A.C.A. § 14-51-308 would be interpreted by the Arkansas Supreme Court as an "eight hour workday." As a consequence, LRCSC Rule 6.1 utilizing "calendar days" is, in my opinion, contrary to the statute as applied to firefighters.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] In my opinion, the use of "calendar day" in A.C.A. §14-51-301 does not necessarily imply that the word "day" in A.C.A. § 14-51-308 should be read as meaning "calendar day." The General Assembly did not include the phrase "calendar day" when it amended A.C.A. § 14-51-308 to add the language concerning suspensions of three of more days. See Acts 2003, No. 1815. If the General Assembly had intended the word "day" to mean "calendar day" in A.C.A. § 14-51-308, then the General Assembly could have amended A.C.A. § 14-51-308 to reflect this intent. Furthermore, Little Rock apparently relies on the definition of "working day" in A.C.A. § 14-53-108 (Supp. 2005), as support for use of "calendar day" in LRCSC Rule 6.1. See Op. Cty. Att'y L.R. 2006-001. While a court will read two statutes in paramateria (relating to similar substantive topics), in a harmonious manner, in my opinion A.C.A. § 14-51-308 and A.C.A. §14-53-108 are not similar enough in substance to warrant such construction. The former concerns suspensions of civil service employees, both firefighters and police officers. The latter addresses sick leave for firefighters and was specifically amended to address firefighters' atypical schedules after the Arkansas Supreme Court held that a "working day" in A.C.A. §14-53-108 meant an eight-hour working day in Donaldson v.Taylor, 327 Ark. 93, 95, 936 S.W.2d 551 (1997). See
Acts 2005, No. 1828. Section 14-51-308, at issue herein, has not been similarly amended. In the absence of a statute to the contrary, the term "day" in this context has been interpreted to mean an eight-hour day. In my opinion, the definition of "working day" in A.C.A. § 14-53-108 is inapplicable when interpreting "day" in A.C.A. § 14-51-308.